Benedict D. Dineen, J.
This is an action for a declaratory judgment to declare that the plaintiff is under no obligation to its policyholder, one Emilio Valentin, and that it shall not be required to pay any judgment which might be obtained against the said insured by one Brady also a defendant herein. The grounds asserted for such relief arc based upon the fact that no due and timely notice was given to the plaintiff by either the insured or the injured person.
On January 25, 1957, the defendant Brady while crossing a public highway in the city of Yonkers was struck and injured by an automobile owned by the defendant Emilio Valentin and operated by one Emilinao Colon. On February 19, 1957, a summons and complaint were issued by the attorneys representing defendant Brady and returned by process servers because of a bad address given by Valentin and Colon to the police at the time of the accident. A letter was then sent to the Motor Vehicle Bureau in New York and an answer received stating it would take at least 60 days to process the matter which is understandable since at that time the compulsory insurance law went into effect. Not having heard anything in the meantime and after 60 days the Motor Vehicle Bureau was contacted in New York and information received to the effect that the plaintiff insured one Emilio Valentine but the plaintiff stated it had no such insured. It must be noted at this time that the name contained an “ e ” at the end. Thereafter in answer to a letter sent on April 25,1957, the Motor Vehicle Bureau in Albany forwarded information that one Emilio Valentin was insured by the plaintiff. After being contacted again, the plaintiff sent a letter in which it admitted these facts and that there was a policy of insurance in effect on January 25, 1957, the day of the accident. In the meantimé and on or about May 10, 1957, service of the summons and complaint was made on the defendant Valentine. On May 17, 1957, Brady’s attorney forwarded a letter to the plaintiff advising them of such service and informing them that unless an answer was received in due time an inquest would be taken in the action instituted by Brady in the Supreme Court of Westchester County, which action is still pending. Since the policy of insurance was in effect in January, 1957, it must be assumed that it contained a provision in compliance with section 167 (subd. 1, par. [c]) of the Insurance Law which provides for notice to be given by the insured or written notice by or on behalf of the injured person. The policy of insurance provides for written notice to be given as soon as practicable. Mr. Bave, the attorney for Brady, testified that in April he had several conversations over the tele *608 phone with representatives of the plaintiff so that at least it can be said that the plaintiff had knowledge of the facts even though there was no compliance as to a written notice at that time. It must be accepted as a fact, although defendant Brady had no such knowledge, that the defendant Valentin gave no notice to the plaintiff. However, as between the insured and insurer and the injured and the insurer, the standards by which notice must he given differ. In the case of Lauritano v. American Fire Ins. Co. (3 A D 2d 564, 568) the court stated: “ The injured person’s rights must be judged by the prospects for giving notice that were afforded him, not by those available to the insured.”
The testimony bears out the fact that the attorney for Brady in pursuit of the necessary information used due diligence and that any delay in giving written notice to the plaintiff was encountered in part by the new system set up under the compulsory insurance law and the misspelling of the insured’s name. I must conclude that section 167 (subd. 1, par. [d]) has been complied with in that it was not reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible. Judgment for defendants. The foregoing constitutes the court’s decision pursuant to section 440 of the Civil Practice Act.