Herbert D. Hamm:, J.
This is a motion under rule 106 of the Eules of Civil Practice to dismiss the complaint and ‘ ‘ for such other, further or other relief as may he proper ’ ’.
The general rule is that a complaint in a declaratory judgment action “ should not be dismissed as insufficient merely because the facts alleged in the complaint show that the plaintiff is not entitled to a declaration of rights as the plaintiff claims them to be. The court should, in proper case, retain jurisdiction of the action and should exercise its power to declare the rights and legal relations of the parties whatever they may be ” (Rockland Light and Power Co. v. City of New York, 289 N. Y. 45, 51). But in a proper case the court may reach the merits of a declaratory judgment controversy upon a motion to test the legal sufficiency of the complaint (cf. Hoffman v. City of Syracuse, 2 N Y 2d 484; Civil Serv. Forum v. New York City Tr. Auth., 4 A D 2d 117, affd. 4 N Y 2d 866).
In this case all of the allegations of the complaint may be deemed admitted except, of course, the conclusory allegation that the plaintiff is entitled to $2.70 with interest, which is the ■issue in the case and merely a preliminary statement of the plaintiff’s subsequent prayer for relief.
In Civil Serv. Forum v. New York City Tr. Auth. (4 A D 2d 117, supra, 129-130) it was said with reference to granting declaratory judgment on a motion to dismiss a complaint under subdivision 4 of rule 106 of the Eules of Civil Practice: “ We consider that a proper case for a declaratory judgment is presented, and it may be.that orderly procedure should require the *902 service of answers, and a determination of the merits of the controversy thereafter upon appropriate motions. (Cf. Strauss v. University of State of N. Y., 282 App. Div. 593, 595.) We are reluctant, however, to compel the respondents to resort to what would appear, in this case, to be unnecessary procedure. The conceded facts are before us now, as fully and as completely as though answers had been served and appropriate motions for affirmative judgments had been made. * * * Respondents have not only asked for a dismissal of the complaint, but in their notices of motion have also demanded ‘ such other, further and different relief as may be proper ’. (Cf. Thompson v. Erie Ry. Co., 45 N. Y. 468, 476; Acosta v. Miller Transp. Co., 276 App. Div. 1005.) In such a case, there being no issue of fact, a declaratory judgment may appropriately be directed. (German Masonic Temple Assn. v. City of New York, 279 N. Y. 452; Rockland Light & Power Co. v. City of New York, 289 N. Y. 45, 53, supra.) It is our opinion that this is a proper case in which to act on the implied request of the respondents (see Rockland Light & Power Co. v. City of New York, supra) and to direct a declaratory judgment in accordance with the views herein expressed.” And in Hoffman v. City of Syracuse (2 N Y 2d 484, 487, supra), Judge Fuld observed: “ Since the material allegations of the complaint are necessarily admitted, no questions of fact are presented and the Appellate Division was quite right in ruling that a judgment declaring the rights of the parties should be made.”
I find that all of the allegations of the complaint are true except the conclusory statement as to $2.70. I also find that chapter 759 of the Laws of 1958 of the State of New York is constitutional. While the prayer for relief may not be considered in determining whether a cause of action is stated, it is one of the essential parts of the complaint and may be resorted to in determining the character of the action (Dagood Holding Corp. v. Rosenbluth, 231 App. Div. 470). I conclude that chapter 759 of the Laws of 1958 of the State of New York is constitutional and that hence the plaintiff is not entitled to the sum of $2.70 with interest.
Submit declaratory judgment on notice and in accordance with the foregoing and furnish settlement date with the judgment. The motion papers will be forwarded with the signed judgment.