Herbert D. Hamm, J.
This is an action for declaratory judgment in which the plaintiff, Allstate Insurance Company, seeks to be relieved of responsibility to defend its assureds, Effie Bouck, the named assured, and Charles Butler, the operator of her automobile, and to be relieved of obligation to pay any judgment which might be returned against them in favor of any of the codefendant claimants. Since the trial of the action David Alford, executor of the estate of Effie Bouck, deceased, and Evelyn Rifenburg as administratrix of the goods, chattels and credits of George Rifenburg, deceased, have been substituted respectively in the place and stead of the defendants Effie Bouck and George Rifenburg.
On November 26, 1957, in Schoharie County the defendant Charles Butler, while operating an automobile owned by his grandmother, the former defendant Effie Bouck, was involved in an accident. All defendants are alleged to be claimants except Charles Butler and Effie Bouck’s representative. The first report of the accident to the plaintiff was made approximately 65 days after the accident. About January 29, 1958, summonses were served on Effie Bouck and Charles Butler in an action brought by the defendants J ohn Leger and Ruth Leger and these summonses were then delivered to an insurance agent and were mailed by the agent to the plaintiff on January 30 or 31, 1958. The summonses were sent to the White Plains office of the plaintiff and were forwarded by the plaintiff from White Plains to its Albany office. The plaintiff’s adjuster took stateents from Effie Bouck and Charles Butler on February 10, 1958, and about February 19, 1958, returned the summonses to them by registered mail with notice of disclaimer.
*709 The plaintiff issued its policy on May 3, 1957, and it is not disputed that written notice of accident was required (General Ace. Fire & Life Assur. Corp. v. Martino, 12 Misc 2d 935).
The pertinent portions of section 167 of the New York Insurance Law are as follows:
“ 1. No policy or contract insuring against liability for injury to person, except as stated in subsection three, or against liability for injury to, or destruction of, property shall be issued or delivered in this state, unless it contains in substance the following provisions or provisions which are equally or more favorable to the insured and to judgment creditors so far as such provisions relate to judgment creditors: * # #
“(c) A provision that notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any licensed agent of the insurer in this state, with particulars sufficient to identify the insured, shall be deemed notice to the insurer.
“(d) A provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured or by any other claimant thereunder if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible.”
The policy issued by the plaintiff contained this provision: “ NOTICE OF ACCIDENT-COVERAGES A, B AND C.
‘1 When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.”
The former defendant Effie Bouck at the time of the accident was more than 70 years of age. She was confined to a wheel chair as the result of a stroke suffered four years previously. She testified that she “left everything up to” her grandson, the defendant Charles Butler, as she “wasn’t around to do anything ” and thought he would take care of it. Charles gave as his reason for delay in reporting: “I didn’t think I had to because the car hit me from behind and I had no doubt that the other car’s insurance company had to settle the damage on our car and the other car and I wasn’t told any different.” *710 He was an infant approximately 19 years of age at the time of the accident and at the time notice was given; his precise age does not appear.
In Deso v. London & Lancashire Ind. Co. (3 N Y 2d 127) it was held that the insured’s unexcused delay of about 51 days in giving notice constituted a breach of the condition as a matter of law. In Zurich Acc. & Liab. Ins. Co. v. Harbil Restaurant (7 A D 2d 433) a delay of approximately two months after cognizance of the possibility of a claim was held unreasonable as a matter of law. However, the reasonableness of the delay where there are mitigating circumstances has been regarded as a question of fact for the jury or the trier of the facts (Melcher v. Ocean Acc. & Guar. Corp., 226 N. Y. 51; Greaves v. Public Serv. Ins. Co., 4 A D 2d 609, affd. 5 N Y 2d 120; Gluch v. London & Lancashire Ind. Co., 2 A D 2d 751, affd. 2 N Y 2d 953; Zurich Ins. Co. v. Martinez, 24 Misc 2d 437; Jamestown Ins. Co. v. Valentin, 10 Misc 2d 606). I observed at the trial that Mrs. Bouck was not only disabled but also ill. In all the circumstances including the fact that Mrs. Bouck was a septuagenarian restricted to a wheel chair I find that the notice, which was required by the policy to be given “ as soon as practicable ”, was as to her not untimely. Moreover, I find as to Charles, her grandson, that the fact of his infancy contributed substantially to his delay in giving notice and constituted a reasonable excuse.
On receipt of the summonses in its Albany office the plaintiff without delay took statements from the assureds at their common residence. The evidence establishes that the notice given was adequate “ to identify the insured ” as required by statute (Insurance Law, § 167, subd. 1, par. [c]) and I so find. No prejudice was shown or attempted to be shown.
While the policy in suit did not contain a provision that ‘ ‘ written notice by or on behalf of the injured person or any other claimant * * * shall be deemed notice to the insurer ’ ’ but confined itself to notice by the insured, it must be construed as though it did conform to the statutory requirement (Insurance Law, § 143) and, as the statute grants the injured person an independent right to give notice and recover thereafter, the claimant is not to be charged vicariously with the insured’s delay (Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, 568, affd. 4 N Y 2d 1028). No independent notice, however, was given by or on behalf of any claimant. But, in a brief submitted by the defendants Richtmyer it is urged without citing Pitts v. Ætna Cas. & Sur. Co., 218 F. 2d 58, cert, denied 348 U. S. 973, infra), that the notice given by the assureds constituted notice on behalf of the claimants. Then the rule (Lauritano v. Amer *711 ican Fid. Fire Ins. Co., 3 A D 2d 564, affd. 4 N Y 2d 1028, supra) that the standards governing notice given by the injured party are less stringent than those governing notice by the insured is mentioned and it is urged that the notice given by the assured approximately 65 days after the accident constituted notice on behalf of the claimants and as to them was timely. The Sheriff’s report of accident offered by the plaintiff and received in evidence does show that the defendant Harriet Richtmyer suffered shock, laceration of the forehead and bruises of both knees and the left arm, that the defendant Ruth Leger sustained internal injuries and shock and that the injuries to Evelyn Scholl were a broken nose, shock, concussion and a fracture of the skull. In Pitts v. Ætna Cas. & Sur. Co. (218 F. 2d 58, cert. denied 348 U. S. 973, supra) it was held that written notice to the automobile liability insurer from the insured’s broker of a claim against the insured for damages served as a substitute for timely notice to the insurer by the injured person, although notice was not timely either under the statute or policy so far as the insured was concerned, and that the timeliness of the notice as to the claimant was a question of fact for the jury. The court said at page 61: “We think the written notice from Wiley’s broker satisfied the requirements of § 167, subd. 1 (c). True, the notice was not ‘ by or on behalf of the injured person ’, since Griffith acted not on plaintiff’s behalf but on that of Wiley, the insured. We think, however, that the statute in using the disjunctive ‘ or ’ — in the words ‘ by or on behalf of the insured or * * * by or on behalf of the injured person ’• — does not require the injured person to give written notice, when one had already been given by or on behalf of the insured.” At the same page the court further said: “Defendant argues that here, so far as Wiley, the insured, was concerned, his written notice was not timely either under § 167, subd. 1 (d) or under the provisions of the policy, and that therefore that notice could not serve as a substitute for a timely written notice by plaintiff, the injured person. The trial judge supplied the answer to that argument in his charge to the jury, when he said 1 [E]ven if you think that such a delay on the part of Mr. Wiley, the insured, to give notice would have been unreasonable, that would not answer the question before you.’ ” In Zurich Ins. Co. v. Martinez (24 Misc 2d 437, supra) the summons and complaint in an action by the defendant Martinez individually and as guardian ad litem were forwarded by the insured through the medium of an insurance broker to the plaintiff insurance company. The trial court stated at page 441: “it is ruled that, in i*espect of the Martinez defendants, the notice was timely and *712 the plaintiff is bound, within the limits of the policy, to pay any judgment recovered by them.” Having so found the court thereafter continued (p. 442): “it must be found that the insured also gave timely notice.” In this case before me it might well be contrary to the weight of evidence to find that notice 65 days after the accident on behalf of a claimant who sustained a broken nose, shock, concussion and a fractured skull constituted a breach of the condition. However, in view of my finding that the notice by and on behalf of the disabled septuagenarian and her infant grandson was not untimely, I do not reach this issue.
This is the opinion of the court pursuant to section 440 of the Civil Practice Act. As the plaintiff is not entitled to a declaration on the merits, judgment may be entered in favor of the defendants (Connecticut Fire Ins. Co. v. Williams, 9 A D 2d 461). Judgment may be submitted that the plaintiff is required to defend the defendants David Alford, executor of the estate of Effie Bouck, deceased, and Charles Butler in any action brought against them or either of them on account of the accident of November 26, 1957, and is required within the limits of its policy to pay any judgment recovered against the said defendants or either of them in consequence of said accident.
The motion of the defendant Knecht to dismiss the complaint is denied. Submit judgment on notice. No costs (Rules Civ. Prac., rule 214).