Louis L. Friedman, J.
Plaintiff has instituted this action for a declaratory judgment, seeking to have the court determine whether or not a certain policy of automobile liability insurance issued by the defendant provides coverage for the accident alleged in the complaint. Defendant now moves to dismiss under subdivision 4 of rule 106 of the Rules of Civil Practice because of alleged insufficiency; under section 473 of the Civil Practice Act as unnecessary and improper as a declaratory judgment action; under section 167 (subd. 1, par. [b]) of the Insurance Law as having been brought prematurely; and under subdivision 2 of rule 106 and subdivision 2 of rule 107 of the Rules of Civil Practice, for lack of legal capacity. In the alternative, defendant seeks an order directing plaintiff to bring in an additional party defendant as necessary and indispensable under rule 102 of the Rules of Civil Practice.
Originally, defendant had issued a policy of automobile liability insurance to one Lional Jordan. Under the provisions of section 167 (subd. 1, par. [d]) of the Insurance Law, it is provided that such policy must contain the provision that “ failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured or hy any other claimant thereunder if it shall be shown not to have been reasonably possible to give such notice *636 within the prescribed time and that notice was given as soon as was reasonably possible” (emphasis supplied).
Jordan was the owner and operator of the insured vehicle which struck and injured the infant plaintiff herein on April 19, 1960, while said infant was crossing a city street. Claim letters were mailed to Jordan in April and October, 1960. A summons and complaint in a Municipal Court action were served upon him on November 16,1960. No response to the letters was ever received. Jordan failed to appear in the Municipal Court action. Judgment by default therein has not yet been entered.
The complaint also alleges receipt from Jordan’s insurance carrier, the defendant in this action, of a written notice dated November 25, 1960 acknowledging receipt of the summons and complaint theretofore served on Jordan but denying coverage under the policy issued to its insured. A claim was immediately filed with the Motor Vehicle Accident Indemnification Corporation on the basis of the said disclaimer but payment thereof was refused, as alleged, for reasons set forth in section 620 of the Insurance Law.
Plaintiff seeks a determination of such rights as are afforded to him by statute and under the liability policy issued by the defendant. If there was insurance coverage at the time of the accident afore-stated, he cannot proceed with his claim against the Motor Vehicle Accident Indemnification Corporation. If, on the other hand, there was no insurance coverage, plaintiff will be allowed to continue with his claim against that corporation. In order to legally establish whether or not there is in fact such insurance coverage, plaintiff seeks the declaratory judgment aforesaid, asking the court to adjudicate that the defendant’s disclaimer of such coverage as it affects the plaintiff herein is contrary to the provisions of section 167 (subd. 1, par. [d]) of the Insurance Law and is therefore void as to said plaintiff.
In support of the motion to dismiss the action, defendant contends that no justiciable controversy exists between the parties. It cites plaintiff’s failure to allege the lack of an adequate remedy at law, performance of all conditions precedent under the insurance contract, and the recovery of judgment in the tort action.
However, defendant has misconstrued the action. The plaintiff, as “ the injured party, by giving notice himself, can preserve his rights to proceed directly against the insurer. * * * The statute having granted the injured person an independent right to give notice and to recover thereafter, he is not to be charged vicariously with the insured’s delay ”. (Lauritano v. American Fid. Fire Ins. Co., 3 AD 2d 564, 568, affd. 4 N Y 2d 1028.)
*637 On the motion to dismiss under rule 106 for insufficiency, the allegations of the complaint are deemed admitted (Hellem v. Motor Vehicle Acc. Ind. Corp., 18 Misc 2d 901). The defendant’s attempted rejection of the validity of the notice of injury by disclaiming liability is in direct violation of the plaintiff’s rights granted by statute (Insurance Law, § 167, subd. 1, par. [d]) and recognized by decisional law (Lauritano v. American Fid. Fire Ins. Co., supra). Under the deemed facts, defendant’s disclaimer is a direct breach of an obligation created by statute that it may not deny liability coverage where notice was reasonably given by or on behalf of the injured party.
The complaint should not be dismissed as a matter of law where the facts alleged show the existence of a controversy concerning rights and legal relations (Rockland Light & Power Co. v. City of New York, 289 N. Y. 45, 50).
Though the plaintiff, the injured party, is £ £ not privy to the insurance contract, ’ ’ his ‘£ interest in it ” has been recognized by statute and he ££ should be enabled to invoke ” the protection of section 167 which created,11 as its heading indicates, an independent right of the injured person to proceed directly against the liability insurer ” (Lauritano v. American Fid. Fire Ins. Co., supra, p. 567).
Defendant’s argument that the court is being asked to pass upon a contingency which may never occur, to wit: the recovery of a judgment in the tort action, is without merit since the 1‘ necessary vital things have already occurred, or are assured, to make a real controversy.” (Post v. Metropolitan Cas. Ins. Co., 227 App. Div. 156, 158, affd. 254 N. Y. 541.) The defendant’s disclaimer, if invalid, constitutes a repudiation of an obligation imposed by statute that it accept the notice of injury as sufficient under the circumstances alleged. It ££ is a genuine present controversy, with the subject-matter and the parties in interest in court, together with a situation where adequate relief is not presently available through the means of other existing forms of action ” and thereby meets the requirements of an action for a declaratory judgment under section 473 of the Civil Practice Act (Post v. Metropolitan Cas. Ins. Co., supra, p. 159).
Where the issue of proper notice to the insurance company is not an issue for determination in other litigation pending, it has been held sufficient to sustain a declaratory judgment action (General Acc., Fire & Life Assur. Corp. v. Haiduk, 127 N. Y. S. 2d 608).
As between an insurer and an injured party, the latter resisting the carrier’s action, it was specifically held that a declaratory judgment action is the proper medium for the determination of *638 an issue regarding the insurance company’s liability to pay any judgment which may subsequently be obtained by an injured party against the insured (Travelers Ind. Co. v. Unger, 4 Misc 2d 955).
The appropriateness of a declaratory judgment action, in order to establish an insurer’s liability prior to a trial of the main action, is not questioned (Jamestown Mut. Ins. Co. v. Valentin, 10 Misc 2d 606; Zurich Ins. Co. v. Martinez, 24 Misc 2d 437 [both being cases involving sufficiency of notice]) as the “issues of fact on which the insurance coverage depends do not await to be adjudicated in the principal action ” (Prashker v. United, States Guar. Co., 1 N Y 2d 584, 591-592).
For the foregoing reasons, the court holds that plaintiff has sufficiently set forth a cause of action for a declaratory judgment under rule 106, that the relief sought by the complaint is proper under section 473 of the Civil Practice Act, that other existing forms of action are inadequate to grant the necessary relief (Bules Civ. Prac., rule 212), that the action is not prematurely brought since the plaintiff is not here seeking to enforce a money judgment under section 167 (subd. 1, par. [b]) of the Insurance Law; and that Lionel Jordan, the insured, is not a necessary party to this action under subdivision 2 of rule 102 since the issue involved herein pertains only to the protection of the plaintiff’s rights conferred by statute and not the insured’s rights, whatever they may be, in the insurance contract.
In view of the plaintiff’s statement that a guardian ad litem for the infant plaintiff has been appointed in this action by court order, that portion of the defendant’s motion as to lack of legal capacity to sue (rule 106, subd. 2) is denied. The same application under subdivision 2 of rule 107 is denied since on this motion no affidavit was submitted with the pleadings. Defendant’s motion is in all respects denied.