ALLSTATE INSURANCE COMPANY, Respondent, *v.* CAROLYN JAHRLING, Individually and as Administratrix of the Estate of CHARLES R. ZORNOW, Deceased, Appellant.

Third Department, June 21, 1962.

*Weiss & Costa (Lawrence E. Lagarenne* and *Jack S. Ingber* of counsel), for appellant.

*Night, Keller & Birch (Walter J. Relihan, Jr.,* of counsel), for respondent.

COON, J. Appeal by defendant from a judgment of the Supreme Court (ELSWORTH, J.), which determined, in an action for a declaratory judgment, that the plaintiff-respondent was not liable under an automobile liability insurance policy.

The policy was a so-called " family policy " issued to Carolyn Jahrling and contained an uninsured motorist indorsement under

which the policy provided that the following persons are to be considered insured: '' The named insured and [her] relatives while residents of [her] household.'' Charles R. Zornow, a minor son of the named insured Carolyn Jahrling, was killed in an accident involving an uninsured automobile on August 17, 1957, while said policy was in force.

The first issue presented on this appeal is whether Charles R. Zornow was an additional insured within the meaning of the policy. The Special Term has held that he was not upon the theory that '' residents of [her] household '' required '' bodily presence '' and '' minimally a living together in the same house.''

It is undisputed that Charles R. Zornow resided with his mother, the named insured, continuously in her home in Wurtsboro, N. Y., until his enlistment in the United States Navy on January 28, 1955, when he was approximately 17 years of age. It was a minority enlistment which would expire on October 31, 1958. He was sent by the Navy to various training stations, and finally assigned to a United States naval vessel on which he lived and served until the time of his death. All Navy documents listed his home address as Wurtsboro, N. Y. He left his personal possessions which he did not need in the Navy at his mother's home in Wurtsboro. He returned to visit his mother at her residence in Wurtsboro every time an opportunity presented itself, and was on his way to visit his mother's residence in Wurtsboro, while on leave from his ship, when he was killed. No one claims that Charles R. Zornow had acquired a residence elsewhere than in his mother's home up to the time of his death.

At the time of the argument of this case the question presented was novel, and there was no appellate court decision in this State determining such an issue under a comparatively new type of insurance coverage. There was at that time pending, however, an appeal in the Appellate Division, Fourth Department, which involved the precise question on a very similar set of facts, which has since been decided. (*Appleton* v. *Merchants Mut. Ins. Co.*, 16 A D 2d 361.) We are in accord with the unanimous opinion in the *Appleton* case written by Presiding Justice WILLIAMS, and follow it and hold that Charles R. Zornow was an additional insured under the policy in question here.

Another question, not involved in the *Appleton* case and relating to the timeliness of the notice of the accident, is presented on this appeal. The policy contained a condition in the following language: '' In the event of accident, occurrence or loss, written notice containing all particulars shall be given by or for the insured to Allstate as soon as practicable.'' Although recogniz-

ing that it might be dictum in view of the conclusion reached on the other question, the court at Special Term observed: "Until it was ascertained that no insurance existed on the Spruill vehicle, she could not notify plaintiff of a claim. Under the circumstances here shown alleged noncompliance with the policy conditions for the giving of notice has not been established."

After the fatal accident on August 17, 1957, the insured was visited by a naval officer who told her that the Navy would conduct an investigation into the circumstances surrounding her son's death, and that she need not do so. Several weeks later the insured was informed that the Navy's investigation revealed nothing. The accident happened near Bowling Green, Virginia. The insured, who was living in Wurtsboro, N. Y., was unable for a long time to ascertain the name of the owner and operator of the other vehicle involved in the accident. She wrote letters to the State of Virginia, to the Navy Department, to the Attorney-General of New York State, to the Motor Vehicle Bureau, and others, in an effort to ascertain the circumstances of the accident and whether or not the owner of the other vehicle involved carried insurance. She finally made a special trip to Bowling Green, Virginia, to continue the investigation. She learned that one Spruill, who was apparently rather elusive and unresponsive, was the owner of the other vehicle. Early in February of 1958 the insured engaged counsel to inquire further into the matter. By retaining other counsel in Virginia to conduct an investigation the attorneys for the insured finally learned late in June, 1958, that the other vehicle was not covered by insurance. On or about July 20, 1958, her attorneys informed the insured that the other vehicle was uninsured and also sent a claim to the plaintiff, Allstate Insurance Company.

It would thus appear that the insured made diligent effort to ascertain whether the other vehicle was covered by insurance or not. She was operating under difficulties because the accident happened in a distant, foreign State where she had no acquaintances or even detailed information about the accident. She had no claim against Allstate until she could establish that the other vehicle was uninsured. No fixed time of notice was contained in the policy. The words "as soon as practicable" are relative, and must be measured by all of the circumstances. Lapse of time alone, even approximately 11 months, does not of itself establish a noncompliance with the notice provision. The insurance company has seen fit to use an elastic term, and measured by the circumstances of this case, we do not think that lack of notice was established.

The judgment should be reversed, on the law and the facts, and judgment granted to the appellant, with costs.

BERGAN, P. J., GIBSON, HERLIHY and TAYLOR, JJ., concur.

Judgment reversed, on the law and the facts, and judgment granted to the appellant, with costs.