IDA CHARNEY et al., Plaintiffs, *v.* PETER J. STYPUKOWSKI et al., Defendants.

Supreme Court, Special Term, Kings County, June 25, 1962.

*Carroll & Trapani* for plaintiffs. *Leahey & Johnson* for Motor Vehicle Accident Indemnification Corporation, defendant. *Millard N. Bush* for Maryland Casualty Company, Inc., defendant.

Louis L. Friedman, J. This action for a declaratory judgment was tried by the court without a jury. Judgment is sought for a declaration of plaintiffs' rights against defendant Maryland Casualty Company, Inc. (hereinafter referred to as " Maryland "), arising out of an accident which was covered by a policy of automobile liability insurance issued in this State by the said defendant.

The other defendants named herein are the individual owner of the covered vehicle, the driver thereof (both being wife and husband, respectively, and the assureds under the said policy), and the Motor Vehicle Accident Indemnification Corporation (hereinafter referred to as " M. V. A. I. C."). Only Maryland and M. V. A. I. C. have appeared herein. M. V. A. I. C.'s interest and inclusion herein as a party defendant stem from Maryland's disclaimer of liability based upon the assureds' alleged failure to give timely notice of the accident.

The facts were stipulated in open court. Plaintiffs' vehicle was struck in the rear by the insured automobile on June 26, 1960, while on the Belt Parkway in Brooklyn. Plaintiff husband was the owner and operator of his vehicle. Plaintiff wife was a passenger therein. The police were called to the scene and filed reports of the accident.

On July 15, 1960, and August 11, 1960, plaintiffs' attorneys made separate requests to the Motor Vehicle Bureau in Albany for the name of the insurance carrier on the covered vehicle. This information was received on August 22, 1960, apparently in response to the request made July 15.

In the meanwhile, plaintiffs had commenced an action against the operator and owner of the insured vehicle. The latter were served with a summons and complaint on August 16, 1960. They in turn gave the papers to their insurance brokers on the same date, claiming that the papers had been left with their 16-year-old daughter. On the same day the broker forwarded the summons and complaint to Maryland.

Maryland received one copy of the summons and complaint on August 18, 1960. This was the first notice of the accident received by the insurance carrier. Shortly thereafter Maryland obtained statements from the insureds, wherein the latter stated

that they did not report the accident to the carrier because the husband "just figured" that the plaintiffs would not report it. They also stated that their vehicle sustained $450 in damage. The husband's report of the accident (MV 104, dated June 29, 1960) was received by the Motor Vehicle Bureau in Albany on July 1, 1960. The said motor vehicle report included a statement by the insured husband that his vehicle, after his foot slipped off the brake, struck the plaintiffs' auto and that plaintiffs' auto then struck a car in front.

Maryland disclaimed by letter dated September 2, 1960. The disclaimer was based upon the asserted ground that the failure to report the accident to the carrier "until August 18, 1960" did not constitute compliance with the terms and conditions of the policy requiring notice "as soon as practicable after the accident occurs." In response to the disclaimer notice, plaintiffs' attorneys notified Maryland that the claimants would not be bound by Maryland's disclaimer.

Maryland asserts an affirmative defense that "no action shall lie against the company [Maryland] unless, as a condition precedent thereto the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined".

Plaintiffs are entitled by this action to seek "a determination of such rights as are afforded to [them] by statute and under the liability policy issued by the defendant" Maryland Casualty Company, Inc. (*De Abreu* v. *Lumbermens Mut. Cas. Co.*, 32 Misc 2d 634, 636.) The delay which may be ascribed to the assureds in failing to give the insurer [Maryland] notice as soon as practicable does not affect the claims of the injured parties (Insurance Law, § 167, subd. 1, par. [d]) and the claimants' summons and complaint, which Maryland received from the insurance broker 51 days after the accident, is considered notice on behalf of the injured parties (*Lauritano* v. *American Fid. Fire Ins. Co.*, 3 A D 2d 564, affd. 4 N Y 2d 1028).

In the meanwhile, during this 51-day interim, plaintiffs, to protect their independent right to give notice to Maryland as soon as it was "reasonably possible" (Insurance Law, § 167, subd. 1, par. [d]; *Lauritano* v. *American Fire Ins. Co., supra*, p. 568), were attempting through their counsel's efforts to discover the identity of the insurance carrier and the assureds' policy number. The claimants were entitled to a reasonable length of time to obtain such information (*Pitts* v. *Ætna Cas. & Sur. Co.*, 218 F. 2d 58, cert. denied 348 U. S. 973). Their attorneys' diligence to discover the pertinent information must be "tested in the light of the circumstances facing [them] at the

time '' (*Zurich Ins. Co.* v. *Martinez,* 24 Misc 2d 437, 441, affd. 14 A D 2d 754). In determining the reasonableness of the delay in notifying the carrier, the standard applied to injured claimants is necessarily more liberal than that applicable to the insureds themselves (*Matthews* v. *Glens Falls Ins. Co.,* 21 Misc 2d 1079, 1081).

The case of *Allstate Ins. Co.* v. *Manger* (30 Misc 2d 326) is not to the contrary. There the injured person did not '' claim an excuse for not giving notice '' and apparently offered no explanation for the time lapse of 68 days (*supra,* p. 329).

It is the court's finding herein that the plaintiffs have sustained the burden of proving that notice was given as soon as was reasonably possible (Insurance Law, § 167, subd. 1, par. [d]), and that under the circumstances, the delay was not unreasonable. Nothing in the conceded facts before the court shows that the defendants have been in anywise prejudiced by this delay of 51 days.

Judgment for the plaintiffs, with costs against the defendant Maryland Casualty Company, Inc., only. Defendant Maryland Casualty Company, Inc., is obligated to defend the action heretofore instituted in the Supreme Court, Kings County, by the plaintiffs against the insureds, the owner and the operator of the covered vehicle, and to pay any judgment within the policy limits which may be rendered against said defendants on the complaint therein. Under such circumstances, M. V. A. I. C. will not be called upon to respond to any claim by reason of this accident. No issue other than Maryland's liability to the plaintiffs having been raised by the pleadings in this action, no other determination is herein necessary.