HARTFORD ACCIDENT & INDEMNITY
COMPANY, a corporation, Appellant,

v.

Otho R. DAY, Appellee.

No. 7658.

United States Court of Appeals
Tenth Circuit.

July 13, 1964.

Rehearing Denied Aug. 14, 1964.

* Sitting by designation of the Chief Justice.

against Jack Wininger's insurer, Hartford Accident and Indemnity Co., appellant herein. The state court judgment arose out of an automobile accident. The instant suit was tried to the Court, and the Court's opinion may be considered to contain his findings of fact and conclusions of law thereon. The facts pertinent to the instant suit are as follows.

On August 30, 1959, three cars driven respectively by Jack Wininger (then age 16), Larry Craven and Wayne Cornett were traveling in the same direction at relatively high speeds on a highway outside of Mannford, Oklahoma. There had been some passing, each car of the other. Just prior to the accident, Cornett's car was over to the left side of the road, possibly in preparation to retake and pass Wininger, who had previously passed Cornett and was at that time some 250 feet in front of Cornett. Cornett's car collided head on with Day's vehicle, and Day's wife and a young girl in Cornett's car were killed. Day, Cornett, and a second young girl in Cornett's car were seriously injured. Soon after the accident, Day filed suit against Cornett in the state court.

Immediately after the accident there were rumors in the small town of Mannford (population about 400) that the boys had been racing prior to the accident. Wininger's father interrogated his son about this, and satisfied himself that they had not. Jack Wininger's deposition, taken in December 1959, was consistent with this denial. However, on June 14, 1960, Cary Greenwood, a passenger in Craven's car, testified during the course of his deposition that the boys had been racing. Two days later, appellee amended his complaint to make Wininger and Craven co-defendants.

Upon receipt of the summons, Jack Wininger's father immediately notified appellant insurance company which wrote the father a reservation of rights letter, reserving all policy defenses and explicitly noting that the policy provided written notice of an accident should be given the company as soon as practicable. The company then undertook the defense

A. M. Covington, Tulsa, Okl. (Covington & Gibbon, Tulsa, Okl., on the brief), for appellant.

Jack I. Gaither, Tulsa, Okl., for appellee.

Before PHILLIPS and SETH, Circuit Judges, and ARRAJ, District Judge.

ARRAJ, District Judge.

This diversity action was brought by appellee, who had obtained a judgment in an Oklahoma State Court against Jack Wininger and two others (Larry Craven and Wayne Cornett) not here involved,

of young Wininger. Judgment was rendered against all three defendants "and each of them" for $50,000.00. The instant suit was commenced by plaintiff against appellant, Wininger's insurer.

The Court below found that:

"* * * neither the Wininger boy or his father had any reason to believe that he was involved in any way, and certainly had no reason to believe that any claim would be made against him because of this unfortunate accident. The defendant insurance Company was notified of the accident as soon as practicable under the peculiar circumstances of this case, and such notice was in compliance with the terms of the insurance policy."

The Court also noted, in response to one of appellant's arguments, that there was no authority in Oklahoma on the question of the necessity of showing prejudice to the insurer from delayed notice, but found "if such a showing was necessary," that no prejudice had been shown. The Court further found that plaintiff had the right, under the clear provisions of the policy, to proceed directly against the company.

█ We believe there is substantial competent evidence in the record to support each of these findings.

The primary question on this appeal is whether Wininger gave notice of the accident to the company "as soon as practicable" as required by the policy. The relevant clause in the policy provides that "In the event of an accident * * * written notice shall be given by or for the insured to the company * * * as soon as practicable."

██ The words "as soon as practicable" are relative and must be measured by all of the circumstances. Allstate Insurance Co. v. Jahrling, 16 A.D. 2d 501, 229 N.Y.S.2d 707 (App.Div. 1962). See also Hughey v. Aetna Casualty and Surety Co., 30 F.R.D. 508 (D.Del. 1962). Whether the delay in giving notice is reasonable in view of all the circumstances is a question of fact for determination by the trier of the facts.

American Mutual Liability Insurance Co. v. MacFarlane Fire Prevention Corp., 162 F.Supp. 915, 917 (E.D.N.Y.1958); Melcher v. Ocean Accident & Guarantee Corp., 226 N.Y. 51, 123 N.E. 81 (Ct.App. 1919); Allstate Ins. Co. v. Alford, 25 Misc.2d 707, 206 N.Y.S.2d 388, 391 (Sup. Ct.1960). And only when the delay is found to be wholly unexcused is the notice held too late as a matter of law. Zurich Insurance Co. v. Martinez, 24 Misc.2d 437, 201 N.Y.S.2d 810 (Sup.Ct. 1960).

Appellant's heavy reliance on Palacine Oil Co. v. Commercial Casualty Ins. Co., 75 F.2d 20 (10th Cir.1935) is unavailing. It was held in that case that an insured had not exercised reasonable diligence in notifying its insurance company more than a month after an accident caused by seepage of gasoline from and under a gasoline storage tank to a well or cistern under a policy which required "immediate" notice. The insured there had investigated the premises after the accident and apparently decided it could not be held responsible for the accident. When suit was brought against the insured, its insurance company refused to defend; the jury found the insured responsible. In a suit for indemnification, the Court held, as described above, that the insured had not complied with the notice provisions of the policy.

Though it would seem at first blush that this case is of assistance to appellant's argument here, we think a close examination of the case leads to a contrary conclusion. Leaving aside certain distinguishing facts, such as the necessity for the insurance company to be able to make a physical examination of the premises immediately following an explosion in order to properly undertake its defense of the insured, we think the Court's ultimate holding supports appellee's position here:

"Contrary to appellant's contention, we quite agree with the trial court that under the circumstances as shown by the evidence appellant did not exercise reasonable diligence in giving notice of the accident and that the notice given

by the letter of August 5, 1925, of the accident occurring on June 28th was not a sufficient compliance with the requirements of the policy. *But even though we disagreed with the trial court respecting this delay* of more than a month in giving notice, *under the law making the findings of fact of a trial judge as binding upon the appellate court*—White v. United States (C.C.A.10) 48 F.(2d) 178—*as a verdict of a jury would be*, it is clear that the inference of lack of reasonable diligence in giving notice of the accident (*being a fact*) has ample support in the evidence." (Emphasis added.)

Essentially, the Court's holding seems to be that the question was a factual one and that there was enough evidence to support the trial court's finding on it. We think the same is true here.

 Jack Wininger repeatedly and consistently denied that he was in any way involved in the accident. At the time of the collision he was some 250 feet beyond the point of impact. The highway patrolman's official accident report listed him as a witness, not as a participant. The investigation conducted by the elder Wininger satisfied him that his son and the other boys had not been racing at the time of the incident. The Winingers reasonably and understandably concluded that young Wininger was not involved in the accident. We hold, therefore, that the trial Court's finding that the notice was given as soon as practicable is supported by substantial evidence and should not be disturbed on review.

As we have already noted, the trial Court did not directly pass upon the question of the necessity of showing prejudice to the insurer from delayed notice, a question not determined by the Oklahoma state Courts. Because of our approval of the trial Court's holding that notice was given "as soon as practicable," we do not find it necessary to resolve the question. Suffice it to say here that the trial Court found that no prejudice had been shown.

Appellant's contention that appellee should have proceeded by way of garnishment rather than by direct action is not well founded in view of the following pertinent provisions of the insurance policy:

"* * * any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy."

We agree with the trial Court that the policy clearly confers upon appellee the right to maintain this action against the liability insurer. See 8 Appleman, Insurance Law and Practice, Sec. 4831.

Affirmed.