**HUBNER AND WILLIAMS CONSTRUCTION CO., Inc., a Colorado corporation, Plaintiff,**

v.

**LONDON GUARANTEE AND ACCIDENT COMPANY, Limited, an insurance company organized under the United Kingdom of Great Britain and Northern Ireland, admitted through New York and duly licensed to do business in Colorado, Defendant.**

Civ. A. No. 67–C–31.

United States District Court
D. Colorado.

Aug. 10, 1967.

Gorsuch, Kirgis, Campbell, Walker & Grover, by Charles E. Grover, Denver, Colo., for plaintiff.

Sheldon & Nordmark, by Charles W. Sheldon, Jr., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

Both parties to this action have moved for summary judgments in their favor.

The following is a capsule summary of what are apparently agreed facts in the case. Plaintiff is a construction company which at all pertinent times was insured with a liability policy issued by defendant insurance carrier. In December of 1962, plaintiff was working on a construction project in Weld County, Colorado, erecting an overpass. A portion of the work on that project had been subcontracted to the R. & S. Steel Erection Company.

On or about December 8, 1962, Stanley Rodus, an employee of R. & S. Steel Erection Company, fell and received injuries as a result of a plank's breaking. The next week plaintiff's general superintendent informed E. E. Williams, the vice president of plaintiff company, of the accident. Plaintiff was served with a summons and complaint in a suit brought by Mr. Rodus on June 28, 1963, and it was not until that date that plaintiff notified defendant carrier of the accident.

Plaintiff's policy with defendant contained the following provision with respect to notice to the insurer:

When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents *as soon as practicable* * * *. (Emphasis added.)

It is plaintiff's position in its motion that we should hold as a matter of law that it *did* give notice to defendant "as soon as practicable" under the facts and circumstances of this case. Thus plaintiff urges that it was not until it received the summons and complaint that it had any reason to believe that it might be liable and that the policy might be applicable.

On the other hand, defendant urges by its motion that we should hold as a matter of law that the lateness of notice was inexcusable, and that plaintiff's failure to comply with the notice provision, a condition precedent to defendant's obligation, precluded any recovery from or right to a defense by defendant under the policy.

■ We cannot sustain either motion. A final determination at this juncture would be premature, for there remain genuine factual issues as to material facts. Fed.R.Civ.P. 56. Our view is contained in Hartford Accid. & Indemnity Co. v. Day, 359 F.2d 484, 486 (10th Cir. 1964):

> The words 'as soon as practicable' are relative and must be measured by all of the circumstances. Allstate Insurance Co. v. Jahrling, 16 A.D.2d 501, 229 N.Y.S.2d 707 (App.Div.1962). See also Hughey v. Aetna Casualty and Surety Co., 30 F.R.D. 508 (D.Del. 1962). Whether the delay in giving notice is reasonable in view of all the circumstances is a question of fact for determination by the trier of the facts. American Mutual Liability Insurance Co. v. MacFarlane Fire Prevention Corp., 162 F.Supp. 915, 917 (E.D.N.Y. 1958); Melcher v. Ocean Accident & Guarantee Corp., 226 N.Y. 51, 123 N.E. 81 (Ct.App.1919); Allstate Ins. Co. v. Alford, 25 Misc.2d 707, 206 N.Y.S.2d 388, 391 (Sup.Ct.1960). And only when the delay is found to be wholly unexcused is the notice held too late as a matter of law. Zurich Insurance Co. v. Martinez, 24 Misc.2d 437, 201 N.Y.S.2d 810 (Sup.Ct.1960).

Both parties also seek the Court's ruling on a single issue in this action and have submitted memoranda in support of their respective positions. The issue upon which our ruling is sought is whether an insurance carrier must, in order to avoid liability under its policy, show that it was *prejudiced* by the insured's failure to give timely notice of the occurrence of the accident, as required by the terms of the policy. The question of who must bear the burden of proof on the prejudice issue has also been raised.

The only Colorado decision touching on the question is the rather old ruling of the Colorado Court of Appeals in Order of United Commercial Travelers of America v. Boaz, 27 Colo.App. 423, 150 P. 822 (1915). The Court's statements on the "prejudice" issue are not altogether clear. In view of the ambiguity of that decision, and the fact that it was reversed by the Colorado Supreme Court, albeit for other reasons, we find this case to have very little if any persuasive effect.

A more helpful decision in this regard is Barclay v. London Guarantee & Accident Co., 46 Colo. 558, 105 P. 865 (1909). The opinion in that case sets forth the general effect to be given the notice provision in an accident policy:

> The plain and unequivocal requirements of the contract are that 'upon the occurrence of an accident, and also upon receipt of notice of any claim on account of an accident, the assured shall give immediate notice in writing of such accident or claim with the fullest information available,' to the defendant. These conditions are as much a part of the contract as any other portion thereof. The plaintiffs voluntarily entered into the contract, with these conditions therein, and thereby made themselves subject to such conditions.
>
> \* \* \* \* \* \*
>
> We are of the opinion that by the language of the contract an immediate notice of the accident and also notice of claim for damages as stipulated for are conditions precedent to the liability of the defendant, and without such notice or notices, or a legal excuse for the failure to give the same, the defendant cannot be held. 46 Colo. at 564–565, 105 P. at 866–867.

■ This language reflects what is clearly the majority rule, that compliance with the notice clause is a condition precedent to the liability of the insurer. Also by the majority rule, the effect of this clause is to erect a *presumption* that the assured's failure to give timely notice prejudices the insurer. By what appears to be the better view, however, "this does not mean that upon a showing of delay, alone, the insurer walks out of court free of potential claims. It means, rather that prejudice being a difficult matter affirmatively to prove, it is not required to make such proof." 8 Appleman, In-

surance Law & Practice, § 4732 at p. 17 (1962). In other words, the issue of prejudice is not to be considered wholly immaterial.

 The next question, that of burden of proof, is adequately answered by the following quotation:

> Prejudice may be presumed, with the burden upon the one seeking to impose liability to show that no prejudice did, in fact, occur—for example, that a complete investigation was made by another insurer or by competent persons who turned over the results to the 'late notice' insurer. 8 Appleman, ibid.

Since there remain genuine issues as to material facts, it is

Ordered that plaintiff's motion for summary judgment be and hereby is denied. It is further

Ordered that defendant's motion for summary judgment be and hereby is denied.