GREATER NEW YORK MUTUAL INSURANCE COMPANY, Respondent, v. ATLANTIC CLEANING SERVICE CORP., Appellant.— No opinion.

Rabin, Acting P. J., Hopkins and Benjamin, JJ., concur; Munder and Martuscello, JJ., dissent and vote to reverse the judgment and to grant judgment in favor of defendant, with the following memorandum: Defendant is appealing from a judgment declaring that the plaintiff insurer is not obliged to defend or pay under its insurance policy issued to defendant with respect to a personal injury action (hereinafter referred to as the "primary action") brought against defendant by one Mildred Ciorciari. The sole issue is whether defendant complied with the provisions of the policy requiring it to give written notice to plaintiff of an insurable "occurrence" "as soon as practicable". The evidence showed that on or about October 3, 1967 defendant's vice president, William Lavender, received a telephone call from the employer of the plaintiff in the primary action advising "that somebody fell and we [defendant] should change the wax, the next time we do the floors to use a different type of wax". A day or two previous, defendant's employees had cleaned and waxed said employer's premises. Nothing else was said or done regarding the incident until late June, 1968, when defendant received a letter from the attorney for the plaintiff in the primary action advising of that litigation. This letter and the summons and complaint which were received shortly thereafter were immediately sent to defendant's broker. It is our view that, under the circumstances here, defendant's conduct was reasonable and the notice sent, albeit almost nine months after the occurrence, satisfied the provisions of the policy. When defendant received the telephone call in October, 1967, there was no claim of injury to anyone. The report that someone had fallen, especially when coupled only with a request that different wax be used the "next time", was certainly no cause for alarm on defendant's part. There is nothing unusual about a "fall" per se. As stated in *Melcher* v. *Ocean Acc. & Guar. Corp.* (226 N. Y. 51, 56), "It is not every trivial mishap or occurrence that the assured under such a policy of liability insurance must regard as an accident of which notice should be given immediately to the insurance company, even though it may prove afterwards to result in serious injury". In short, based upon the information given defendant in October (none of its employees were present at the time of the fall), there

was no apparent injury and no reasonable ground for believing that an action would be brought against it (see *Hartford Acc. & Ind. Co.* v. *Day,* 359 F. 2d 484; see, also, *Haas Tobacco Co.* v. *American Fid. Co.,* 226 N. Y. 343, 345). As soon as defendant learned otherwise, it notified plaintiff. This was "as soon as practicable".