ANDREW GULLO, Respondent, *v.* COMMERCIAL CASUALTY INSURANCE COMPANY, Appellant.

Fourth Department, June 27, 1929.

*Frank Gibbons*, for the appellant.

*Ambrose W. Connelly*, for the respondent.

SEARS, P. J.   On February 18, 1922, a collision occurred between an automobile owned and driven by the plaintiff and a truck owned by the Eastern Oil Refining Company, a corporation, and driven by one of its employees.  The plaintiff brought action against the Eastern Oil Refining Company to recover damages for injuries to person and property received in this collision, recovered judgment, and issued execution thereon to the sheriff.  This execution was returned unsatisfied.  The Eastern Oil Refining Company at the time of the accident was insured by the defendant in an amount greater than the plaintiff's judgment against it against loss and

expenses resulting from claims upon it for damages on account of bodily injury or property loss suffered by reason of the ownership, maintenance or use of the automobile involved in the collision. The policy of insurance written by the defendant contained the clause required by section 109 of the Insurance Law (added by Laws of 1917, chap. 524, as amd. by Laws of 1920, chap. 563)* as follows: " C. Insolvency or bankruptcy of assured. The insolvency or bankruptcy of the assured shall not release the company from payment of damages for injuries sustained or loss occasioned during the life of the policy and in case execution against the assured is returned unsatisfied in an action brought by the injured, or his or her personal representatives in case death results from the accident, because of such insolvency or bankruptcy then an action may be maintained by the injured person or his or her personal representatives against this company under the terms of this policy for the amount of the judgment in the said action not exceeding the amount of this policy."

The plaintiff's judgment against the defendant in this action rests on this clause. The policy also contained the following: " D. Reporting accidents, loss and claims. Upon the occurrence of an accident or loss covered by this policy the assured shall give immediate written notice thereof with the fullest information obtainable at the time to the company or its duly authorized agent. If a claim for damages is made upon the assured on account of such accident, the assured shall give like notice thereof with full particulars. The assured shall at all times render to the company all co-operation and assistance in its power."

The appellant contends as to the first quoted clause that although an execution against the Eastern Oil Refining Company was returned unsatisfied there was a failure on the part of the plaintiff to show that the execution was returned unsatisfied *because of the insolvency or bankruptcy of the oil company.* On this point the record shows that about eighteen months previous to the recovery of the plaintiff's judgment against the oil company, receivers of that company had been appointed by the United States District Court for the Western District of New York, upon the company's consent. The judgment of the United States District Court appointing such receivers, which was introduced in evidence by the plaintiff, contains a recital that the Eastern Oil Refining Company was then presently unable to meet and discharge its obligations which had then already matured, and those which were maturing, and that it was to the best interest and advantage of creditors and stockholders

---

* Since amd. by Laws of 1923, chap. 434, and Laws of 1924, chap. 639.— [REP.

that a receiver be appointed. The receivers by the judgment were authorized to take possession of all the property of the Eastern Oil Refining Company, to conserve the same and to convert the property into money to be distributed among the creditors and stockholders, and the judgment further enjoined and restrained all persons and creditors from suing, instituting· actions, levying executions upon, or securing judgments or attachments, intermeddling with, or taking possession of any property of the oil company except to file a petition in bankruptcy. Although the judgment is not printed in full in the record, it is apparently the familiar judgment in a conservation action.

The record contains no other proof of insolvency or bankruptcy of the defendant or of the reasons for the return of the execution unsatisfied. The learned trial court left to the jury the question of the insolvency of the oil company and gave instructions that the jury might consider the judgment of the United States District Court as bearing upon that question. This was excepted to. Counsel for the defendant also requested the court to instruct the jury that if the execution issued upon the plaintiff's judgment against the oil company was returned by the sheriff unsatisfied by reason of the injunction issued by the United States court, it was not by reason of insolvency within the meaning of clause " C " of the policy above quoted or within the meaning of the statute (Ins. Law, § 109). To this the court ultimately replied: Counsel for defendant " wants me to instruct the jury that if the judgment [sic] was returned unsatisfied because there was a restraining act to satisfy the judgment, that was not proof of insolvency. That is true. * * * They may consider the fact that the judgment was returned unsatisfied as bearing on the question of insolvency. * * * He is raising the question that, if it [the judgment] was not paid on account of this enjoining order, that is not evidence of insolvency. That is true."

In this peculiar state of the record we have reached the conclusion that there was sufficient proof of insolvency which was not controverted. The judgment of the United States District Court entered upon the oil company's consent was upon its admission that the oil company was unable to meet and discharge its obligations then already matured and those which were maturing. " Insolvency " is described in section 271 of the Debtor and Creditor Law (as added by Laws of 1925, chap. 254) as follows: " A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured." While the recital of the Federal judgment is not in the exact language

of our statute, yet we find it to be its reasonable equivalent. Whether or not the provision of the Debtor and Creditor Law just quoted is strictly applicable, it furnishes a definition which we find satisfactory in determining what is meant by the term "insolvency" in the policy and in section 109 of the Insurance Law. The injunction was part of the Federal judgment based on insolvency. The return of the execution unsatisfied, even if occasioned by the injunction, was because of a judgment based on insolvency which is the same as a return unsatisfied because of insolvency. Although we do not agree with the exact view of the trial court in this matter, we reach the conclusion that the defendant was not aggrieved by the charge in this respect.

The defendant also contends that the insured oil company breached condition D of the policy above quoted. The record shows that the assistant treasurer of the Eastern Oil Refining Company on February 20, 1922, two days after the accident (the intervening day being Sunday), called the local agency of the defendant on the telephone and talked over the telephone with some person whom he could not identify at the time of the trial, but who, he said, according to his recollection, was one of the heads of the agency. The assistant treasurer then reported the accident in detail over the telephone to this unknown person as clearly as he could, reported also that it had been impossible to get the name of the person involved in the accident, that is, the name of the plaintiff, that such person had not come to the police station that morning as he had promised. The person in the agency speaking over the telephone then told the officer of the oil company to make a report in writing as quickly as he could, as soon as the oil company could ascertain the injured man's name and his address and the extent of his injuries. The oil company did not learn the plaintiff's name and address until the second day of March, on which day written notice was sent to the defendant's local agency and was received there on March third. Defendant's counsel contended at the trial that this delay in giving written notice constituted a breach by the insured of condition D, and called the court's attention to the fact, as he stated it, that the policy "forbids a waiver, except when the waiver is endorsed by certain officers." The court said: "The question of waiver does not enter into it. It is a question of fact as to whether the circumstances were such that there was a reasonable notice." The court submitted to the jury as questions of fact whether the telephone conversation took place and whether the conversation of the officer of the oil company was with a person in the defendant's agency who was accustomed

to transact business with the oil company in reference to accidents, was somebody who had authority to listen to a conversation and act for the company, and the court instructed the jury that if such a conversation took place under such circumstances with such a person, then it was for the jury to determine whether there was a sufficient reason upon which an ordinary business man would act and delay sending the notice until such further information was obtained. The court explicitly charged the jury that if no such conversation occurred, but that there was simply a delay from the eighteenth day of February to March third, without any reason for delay in sending the notice, then the jury could not find for the plaintiff.

We agree with the trial court that the written notice given on March third in the absence of such conversation would not be immediate. The proffered excuse for the delay is waiver (*Weatherwax* v. *Royal Indemnity Co.*, 250 N. Y. 281), and yet the trial court expressly excluded from consideration the policy provisions relating to waiver to which counsel referred. Under these circumstances the instructions cannot fairly be sustained on the basis of waiver and we conclude that the defendant's contention of breach of condition in respect to immediate written notice, as the record now stands, was made out.

For these reasons the judgment and order should be reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event.

All concur; TAYLOR, J., on the further ground that as matter of law no waiver could be based upon the telephone conversation. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.