Charles A. Loreto, J.
This action was brought by the plaintiff against defendants Abe and Milton Einbinder, who are copartners doing business as West Farms Iron Works, for injuries allegedly sustained on November 13, 1954, when a board from a sign being removed by defendant Abe Einbinder fell and struck the plaintiff on his left foot. On December 30, 1954, almost immediately after the defendants received a claim letter on behalf of the plaintiff against them, they caused their broker to notify their insurance carrier, the third-party *258 defendant herein. This notice was received by the insurance carrier on January 3, 1955. Acting pursuant to a provision in the policy which requires of the insured “ Upon the occurrence of an accident written notice * * * as soon as practicable ”, the insurance carrier in a letter dated January 18, 1955, disclaimed responsibility under the policy for any and all liability on the ground that defendants failed to notify them of the accident within a reasonable time. Whereupon, after commencement of this action against them, defendants, pursuant to section 193-a of the Civil Practice Act served a third-party summons and complaint on the carrier.
The evidence and testimony adduced at the trial has established the following: Plaintiff, a newspaper delivery man, was struck on his left foot in a subway entrance by a board unfastened by one of defendants’ employees. Defendant Abe Binbinder, who was present, stood by the plaintiff while he removed his shoe and stocking. No injury was noticed by them. However, in order to be assured that in fact there was no injury, at plaintiff’s request Binbinder drove him to the emergency ward of a nearby hospital where an attending physician examined the foot. Binbinder was prevented by the hospital personnel from accompanying the plaintiff into the emergency room. No injury was discovered there and nothing was done for the plaintiff. He walked back to the place of the accident and told Binbinder, “ Forget about it, it’s all right.” Plaintiff went home and experienced no difficulty until the following afternoon, when his foot began to give him some pain. He stayed at home for two weeks, suffering considerable pain. An X ray then taken disclosed a linear fracture. Binbinder never saw the plaintiff again until some time in October, 1957.
The plaintiff has made out a case in negligence against the defendant. His injury, although a minor fracture, incapacitated bim from his regular work for a period of time. Accordingly, the court finds for the plaintiff against the defendants in the sum of $3,500 for this injury, the pain, medical expenses and loss of wages incurred.
With respect to the third-party action, the applicable law is stated in Melcher v. Ocean Acc. & Guar. Corp. (226 N. Y. 51, 56): “ ‘ If no apparent injury occurred from the mishap, and there was no reasonable ground for believing at the time that bodily injury would result from the accident, there was no duty upon the assured to notify the insurer.’ ” (Quoting Chapin v. Ocean Acc. & Guar. Corp., 96 Neb. 213.)
Defendants’ reliance on Haas Tobacco Co. v. American Fidelity Co. (226 N. Y. 343) is untenable here. There the court *259 indicated that the rule of the Melcher case will not be extended to a case where the insured after the occurrence makes no investigation of the mishap but relies solely on his own opinion or that of his agent. In the instant case, the insured personally examined the plaintiff’s foot, was instrumental in getting him to a hospital, and relied on expert opinion as well as the plaintiff’s assurance that no injury was sustained. His precaution was reasonable and cannot be distorted, as the third-party defendant has attempted to do, into actual knowledge that a possible injury existed.
Nor is the case of Beso v. London & Lancashire Ind. Co. (3 N. Y. 2d 127), cited by the third-party defendant, applicable here. In that case, the court refused to apply the Melcher doctrine because the insured allowed 51 days to elapse after he was alerted to the possible seriousness of the injury. In the case at bar, however, the court finds that the insured acted promptly after being notified of the plaintiff’s claim of injury.
In view of the foregoing, the court awards the sum of $3,500 in favor of the plaintiff against the defendants Einbinder, which amount is awarded on the third-party action to the third-party plaintiffs, plus the sum of $850 stipulated as reasonable attorney’s fees. Judgment may be entered accordingly. Twenty days’ stay of execution is granted.