Walter R. Hart, J.
In this action for a declaratory judgment relieving the plaintiff of its liability and obligations under a public liability policy by reason of the failure of the defendant Licht to give written notice of the accident as provided by the terms of the policy, plaintiff moves for multiple relief seeking an order pursuant to section 241 of the Civil Practice Act and subdivision 6 of rule 109 of the Buies of Civil Practice striking from the defendant’s answer the first, second, third and fourth separate and distinct defenses on the ground of insufficiency; or in the alternative, as to the first, second and third defenses for an order pursuant to rule 90, rule 103 and rule 104 of the Buies of Civil Practice, striking out the first defense on the grounds that it is redundant and unnecessary; striking out the second defense as sham and striking out the third defense as repetitious and violative of rule 90 of the Buies of Civil Practice.
In substance the insured in his first defense alleges that notice was duly given as soon as practicable; plaintiff investigated the facts of the accident; the assured fully co-operated with the plaintiff and that plaintiff has in no way been prejudiced or impeded nor has its rights and remedies been impaired by the alleged delay. It is undisputed that the defendant Licht notified the plaintiff of the accident more than five weeks after the accident and that the policy of insurance required the insured to notify the insurer by written notice “ as soon as practicable. ’ ’
While motions to strike out matters from a pleading are not regarded with favor by the court, they are granted where the allegations objected to have no possible relevancy and when they can be stricken without causing prejudice to the pleader while the movant may be saved prejudice thereby. (D’Espinay v. Gilchrist, 282 App. Div. 662.) Defendant is charged with the failure to give the plaintiff the notice required. The issue is confined solely to a determination of the rights of the plaintiff if the defendant gave the late notice as alleged. The matter objected to has no possible relevancy or necessary connection to this issue. If the failure to give the required notice is fatal to the coverage, then all the allegations of the disputed defense fail in their purpose and accordingly are unnecessary and redundant. An allegation which is neither a material denial nor an avoidance will be stricken. (Kline v. Myriad Pictures Corp., 211 App. Div. 550, affd. 240 N. Y. 667.) Defendant having denied the allegations of plaintiff’s complaint relating *597 to the improper service of the notice, he cannot by way of an affirmative defense repeat such denial. (O’Brien v. Renison, 223 App. Div. 785; Lewis v. Board of Educ. of City of N. Y., 247 App. Div. 106.) Rule 90 of the Rules of Civil Practice relieves a defendant of the necessity of repeating or incorporating that denial in any defense. Whether the defendant’s five weeks ’ delay in giving notice to the plaintiff was unreasonable is a matter of proof to be established at the trial. (Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302; Deso v. London & Lancashire Ind. Co. of America, 3 N Y 2d 127.)
While a number of the allegations in the second affirmative defense are irrelevant and redundant, resulting from the service of the answer by the plaintiff on behalf of the defendant, the remainder of the defense of estoppel is proper and a possible avoidance of the plaintiff’s action if true. As stated in Ashland Window & Housecleaning Co. v. Metropolitan Cas. Ins. Co. of N. Y. (269 App. Div. 31, 35), ‘ When an insurer wishes upon proper grounds to disclaim liability, it must inform the assured promptly of such intention and liberate the latter to make defense in his own behalf.” The accident occurred on February 17, 1957. On March 25, 1957 the plaintiff was notified of the accident as a result of a claim letter mailed to the defendant. No action was taken by the plaintiff as to any alleged breach of the contract until December 4, 1957, more than eight months subsequent to the first notice, when the plaintiff by its letter reserved its rights of disclaimer until after it completed its investigation and stated that it would notify the defendant of its position. No further communication was received by the defendant until the service of the summons and complaint in the instant action indicating that the plaintiff would go off the risk and defendant was called upon to assume the investigation, preparation and defense of the claim.
Mere delay in making a disclaimer is not enough, but where prejudice to the insured as a result of unreasonable delay in disavowing is shown by adequate proof, the insurer is estopped to assert noncoverage and becomes liable. It cannot be stated as a matter of law whether the plaintiff is estopped or defendant prejudiced by the action taken by the plaintiff but such fact must be established at the time of the trial.
The issue of the defense of waiver interposed in the third affirmative defense is a matter of an intentional abandonment or relinquishment of a known right or advantage. Such intention must he proved. It can be accomplished either by the expressed declaration of the party or by his undisputed acts or language so inconsistent with his purpose to stand upon his rights as to *598 leave no reasonable inference to the trial. (Alsens Amer. Portland Cement Works v. Degnon Contr. Co., 222 N. Y. 34.) The moment the plaintiff received notice of the accident it could have disclaimed immediately but, instead, it waited approximately 10 months investigating the accident, obtaining statements and acting in all respects as if it intended to represent the defendant. Under such circumstances it could be found that plaintiff’s actions constituted a waiver. Accordingly this defense must stand subject to the necessary proof.
The fourth defense that plaintiff has an adequate remedy at law is stricken. It has clearly been established that the institution of an action for a declaratory judgment determining the rights of the parties under an insurance policy is procedurally proper. (Globe Ind. Co. v. Sterling Stewart Corp., 257 App. Div. 1027, affd. 283 N. Y. 582; General Acc. Fire & Life Assur. Corp. v. Haiduk, 127 N. Y. S. 2d 608.)
Under the circumstances the motion is granted as to the first and fourth affirmative defenses and denied as to the remainder.
Settle order on notice.