Morris E. Spector, J.
This is an action under section 167 of the Insurance Law against an insurer, under a family automobile policy, by a person injured by the defendant’s assured who has recovered a judgment which has not been paid for more than 30 days. Defendant contends that the plaintiff’s notice to it of the accident ivas not timely. Plaintiff relies on section 167 (subd. 1, par. [d]) of the Insurance Law which allows the injured party to prove that he gave notice as soon as was “ reasonably possible
*1080 Plaintiff was injured on October 11, 1957 and consulted counsel on October 17, 1957. He was 72 years of age, suffered a fractured right radius and a Lane plate was inserted. He was in the hospital until November 1, 1957. He did not sign a retainer and authorization until November 18, 1957, due to his physical condition. His attorney did not obtain a copy of the police blotter until December 4, 1957, although he initiated this request on November 18, 1957. On that day a summons and complaint was issued against the assured but the process server was unable to locate the assured as the address on the police blotter was wrong. On December 27, 1957 plaintiff obtained the assured’s correct address and an order for substituted service was obtained. Service thereunder was completed on January 3, 1958 and proof thereof was filed January 7,1958. The assured’s time to appear expired February 6, 1958. On February 7, 1958, plaintiff’s attorney wrote the assured advising him of his default and asking the name of his insurer. On the same day a request for the insurer’s name was denied by the Motor Vehicle Bureau in New York City, which informed counsel he would have to write the bureau’s Albany office, which he did immediately. No answer was received from the bureau until March 10, 1958. On February 10, 1958 the assured called plaintiff’s attorney and gave him the name of the broker but not the correct insurer. The broker then gave plaintiff the correct insurer. Plaintiff’s attorney wrote to the insurer on February 14, 1958.
On February 21, 1958 the insurer (defendant herein) requested a copy of the summons and complaint. Defendant asked for an extension of time until March 25, 1958 to appear and answer and obtain a stipulation to that effect from plaintiff. Defendant contends that since plaintiff could have obtained the name of the insurer at any time from the Motor Vehicle Bureau that plaintiff did not give notice as soon as was reasonably possible.
Defendant relies on a number of cases which, for the most part, involve assureds seeking to recover who were barred by delays of as little as 10 days. One case involves the assured’s failure to give written notice as was required of him (Bazar v. Great Amer. Ind. Co., 306 N. Y. 481); three cases involve unexcused delays (Deso v. London & Lancashire Ind. Co., 3 N Y 2d 127; Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 303; Vanderbilt v. Indemnity Ins. Co., 265 App. Div. 495); in one case the assured was barred by his own neglect (Reina v. United States Cas. Co., 228 App. Div. 108, affd. 256 N. Y. 537); in one case where the assured was barred its excuse was that it did not believe the injury was serious and did not think suit would be *1081 brought (Haas Tobacco Co. v. American Fid. Co., 226 N. Y. 343), in addition this last case was decided before the addition of the present section 167 (subd. 1, par. [d]) of the Insurance Law (L. 1923, ch. 434) allowing notice as soon as possible; in one case the assured’s excuse was not believable — and the injured plaintiff does not seem to have offered any excuse — (Abitante v. Home Ind. Co., 240 App. Div. 553); one case cited by defendant was sent back for a new trial, the Appellate Division holding that there was a question of fact as to whether the delay was excusable (Gullo v. Commercial Cas. Ins. Co., 226 App. Div. 429). In Weatherwax v. Royal Ind. Co. (250 N. Y. 281) no excuse seems to have been offered for plaintiff’s delay and section 167 (subd. 1, par. [d]) of the Insurance Law does not appear to have been considered. In Nothhelfer v. American Sur. Co. (277 App. Div. 1009, affd. 302 N. Y. 910) the assured brought suit but was barred by its own failure to comply with the contract. As can clearly be seen, all of the foregoing are distinguishable from the case at bar and do not, for the most part, even remotely deal with section 167 (subd. 1, par. [d]) of the Insurance Law.
Whether or not the notice was given as soon as reasonably possible is a question of fact (Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, affd. 4 N Y 2d 1028; Gluck v. London & Lancashire Ind. Co., 2 A D 2d 751, affd. 2 N Y 2d 953) and a more liberal standard is applied to the injured party suing under section 167 of the Insurance Law than is applied to the assured suing under the policy (Marcus v. London & Lancashire Ind. Co., 6 A D 2d 702, affd. 5 N Y 2d 961). To hold that the injured plaintiff must go to the trouble of notifying the defendant’s insurance company even before suit is commenced and before plaintiff knows that the insurer is disclaiming (which would be the effect of the decision sought by this defendant) would place an unconscionable burden on plaintiffs in personal injury actions and completely defeat the provisions of section 167 of the Insurance Law.
From all of the facts and circumstances I find that plaintiff has sustained the burden of proving that the notice was given as soon as was reasonably possible (Insurance Law, § 167, subd. Í, par. [d]).
Plaintiff contends also that even if notice was not timely the defendant insurer has waived the defect by appearing and answering and by failing to properly reserve its rights to disclaim under the policy. The reservation of right must be assented to by the insured (Weatherwax v. Royal Ind. Co., 250 N. Y. 281, supra) but here there was no assent at the time of *1082 filing their answer. Defendant wrote the assured on March 24, and the letter was posted on March 25, to the effect that the insurer would assume the assured assented to the reservation unless he replied to the contrary within seven days. On March 25 the defendant answered the complaint. The assured, however, did not receive the letter until March 29 and his seven days did not expire until March 31 so that he could not have assented to the reservation of right prior to the insurer’s appearance. The assured did assent by letter on April 2. The letter reserving the insurer’s rights was not written until March 24 although on February 14 they knew the assured had failed to comply with the policy. The insurer’s delay in advising plaintiff of their reservation and its answer prior to any effective reservation is a waiver of any untimeliness of notice by plaintiff and constitutes a failure to effectively reserve their rights insofar as this action by plaintiff under section 167 of the Insurance Law is concerned (Gerka v. Fidelity & Cas. Co., 251 N. Y. 51, 57; Miller v. Union Ind. Co., 209 App. Div. 455).
The defendant also asserts that the vehicle in question was not covered by the policy. The assured’s policy covered a 1953 Ford. The car he was driving and owned at the time of the accident was a 1957 Ford. The controlling policy provision relating to substitution of vehicles is contained in Condition No. 2 of the policy and provides that the company shall be notified of substitutions “ during the policy period”. The policy expired on January 3, 1958, long after the accident. The law is clear that the vehicle in question was covered by the policy (Melendez v. General Acc. Fire & Life Assur. Corp., 189 Misc. 392, affd. 273 App. Div. 960).
Judgment for plaintiff in the sum of $10,229, with interest from January 8, 1959, and costs of this action. The foregoing constitutes the decision of this court pursuant to section 440 of the Civil Practice Act. The parties may call for their exhibits at the office of the Clerk of Special and Trial Term, Part XVI.
Settle judgment.