■ ROSE COLONTINO et al., Respondents, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.— In an action by the insureds named in a comprehensive personal liability insurance policy for a judgment declaring that their insurer is obligated to defend them in an action brought against them to recover damages, the defense was that the insureds had failed to give notice " as soon as practicable ", as required by the conditions of the policy. A framed issue was submitted to a jury to find whether, under the circumstances of this case, the insurer was given the notice required by the policy. The jury found in the affirmative. The court ratified this finding and directed judgment in favor of the insureds. The insurer appeals from the judgment entered thereon. Judgment affirmed, with costs. No opinion. Beldock, Hallinan and Kleinfeld, JJ., concur; Ughetta, J., dissents and votes to reverse the judgment and to dismiss the complaint, with the following memorandum: Respondents Rose and Peter Colontino, husband and wife, own the house in which they live. On August 23, 1956 their tenant on the ground floor was visited by a neighbor, and by a four-year-old child and her mother. Midway on a 10-step common stairway, the child fell from its unguarded side to a cement floor with a " whacking thud " or " bang ". The screaming mother, carrying her child with a lump on its forehead the size of a " small apple " past the respondent husband immediately outside the house, was taken in a passing car to a hospital. The respondent husband did not accompany her. That night the respondents learned that the child had returned home from the hospital. The neighbor told respondent husband that the child was " all right ". Their tenant added " as far as we knew ". Respondents never made inquiry of the parents of the child who lived but a short distance away. Respondent wife testified that on or about August 25, 1956, the neighbor told her that the child " was all right " and that the tenant told her a few times that the child was " getting along nicely ". The tenant testified, however, that there was no talk with respondents after August 25, 1956, when she told respondent wife that there was nothing new and that she, the tenant, had not seen the mother at all. Respondent husband testified that he saw the neighbor once in a while and that the neighbor said that the child was all right. The neighbor testified that the respondent husband never " checked " with her after the night of the accident. On October 1 or 2, 1956 the father of the child came to the house and told respondents that the child was bad and that he was spending a lot of money on doctors. That did not activate respondents immediately to give the requisite notice. Nor was notice given when, two or three days later, the father came to the house and inquired how respondents spelled their name. Notice was given on October 9, 1956 — 47 days after the happening of the accident — after the parents on October 7 or 8, 1956 appeared with an attorney and asked respondents to notify their insurer. This is not a case of disclaimer of injury by an adult (*Melcher* v. *Ocean Acc. & Guar. Corp.*, 226 N. Y. 51; *Deso* v. *London & Lancashire Ind. Co.*, 3 N Y 2d 127; *Brown* v. *Einbinder*, 10 Misc 2d 257, affd. 6 A D 2d 1040, motion for leave to appeal denied 5 N Y 2d 710); it is a case of injury to a young child which, at

the least, put the burden of inquiry on the insureds in the absence of notice (*Haas Tobacco Co.* v. *American Fid. Co.,* 226 N. Y. 343). In the *Haas* case (*supra*, p. 347), a boy was knocked down by a truck as the insured's driver was backing into a garage. In the presence of a policeman the driver brushed off the clothes of the boy, and the boy went away. It was held that "where ❋ ❋ ❋ a boy is knocked down in the street, and at least slightly injured, the insured may not, without any investigation whatever, rely solely upon his own opinion or upon the opinion of his driver that because he went away the injury was too trivial to require attention." In the present case the respondents did no more than make casual inquiry of obviously unqualified persons, although the child had sustained a head injury, and the nature of her condition was readily ascertainable from her parents. Nolan, P. J., concurs with Ughetta, J.