Matthew M. Levy, J.
On November 10, 1960, the defendant Lozzi, while driving his truck, was involved in an accident with *558 the female plaintiff, a pedestrian.* The plaintiff fell to the ground and remained prostrate until the arrival of an ambulance. She was carried into the ambulance on a stretcher and taken to a hospital. Lozzi was insured under an assigned-risk policy issued by the defendant Allstate. This coverage was obtained for Lozzi through his insurance broker, one Catalano. On the day of the accident, Lozzi reported the details thereof to Catalano, who placed the information in his records but failed to notify Allstate because, as he states it, he did not feel that he had to report the matter until he “ received some tangible evidence of claim from the woman or her attorney. ’ ’
A summons and complaint in an action for damages were caused to be served by the plaintiffs — the injured woman and her husband — on the defendant Lozzi on January 28, 1961. He informed Catalano thereof on the same day. Catalano received these papers from Lozzi on February 6,1961, and he mailed them to Allstate on that day. Allstate received them on the next day.
Allstate disclaimed liability upon the ground that it did not receive prompt notice of the accident, as required by the policy. There is no question but that, in the absence of explanation or excuse, this delay of almost three months would justify such disclaimer (Deso v. London & Lancashire Ind. Co. of America, 3 N Y 2d 127, 129-130). By reason of the Allstate disclaimer, the plaintiffs served notice of intention to make claim upon the Motor Vehicle Accident Indemnification Corporation (see Insurance Law, § '608, subd. [c]). MVAIC rejected liability upon the ground that there was normal insurance coverage under the Allstate policy.
Thereupon, this action for a declaratory judgment was brought by the plaintiffs against Lozzi, the alleged wrongdoer, Allstate, his insurance carrier, and MVAIC, the plaintiffs’ statutory indemnifier. By this action, the plaintiffs seek (1) a declaration against the defendant Allstate that, under the policy of insurance issued by it to the defendant Lozzi, it is obligated to defend the action brought against him by the plaintiffs and to pay any judgment that may be recovered therein by the plaintiffs against Lozzi; or (2) in the alternative, a declaration against the defendant MVAIC that the plaintiffs have duly complied with the relevant provisions of article 17-A of the Insurance Law and that the defendant MVAIC is obligated thereunder *559 to defend the basic action hereinbefore referred to — and, while not so expressly prayed for, that this defendant is thus obligated to pay any judgment obtained by the plaintiffs against Lozzi in that suit not in excess of $10,000 (Insurance Law, § 610, subd. [a]). When the cause came to trial, the parties stipulated as to the facts, which have been or will be briefly referred to.*
At the outset, the question arises whether the plaintiffs may proceed here by way of an action for a declaratory judgment (Civ. Prac. Act, § 473). The purpose of this suit is to determine who must defend the action for damages for personal injuries instituted by the plaintiffs against Lozzi and who must satisfy the plaintiffs’ claim if payment thereof be required. Thus, the substantive question presented to me is the validity of the Allstate disclaimer (American Sur. Co. of N. Y. v. Mariani, 130 N. Y. S. 2d 755, affd. 286 App. Div. 1083; Jesse E. Kahn, Inc. v. Driscoll Co., 1 Misc 2d 405, 409-411). If the delay in notice to Allstate as Lozzi’s insurance carrier was not improper, Allstate must defend and pay to the limit of its policy. On the other hand, if the disclaimer by Allstate be deemed valid by reason of the untimely notice to it of the accident here involved, the burden of defense must fall upon the MVAIC, and that agency must pay to the extent of the statutory liability.
That the prayer for relief is in the alternative is not in the least fatal to the sufficiency of the plaintiffs’ complaint (3 Carmody-Wait, New York Practice, § 27, pp. 542-543). And it has been held that, as between the insured and his carrier, this remedy is appropriate to resolve in advance a controversy between them as to the timeliness of notice under the contract of insurance (Zurich Ins. Co. v. Martinez, 24 Misc 2d 437, affd. 14 A D 2d 754; Jamestown Mut. Ins. Co. v. Valentin, 10 Misc 2d 606; General Acc. Fire & Life Assur. Corp. v. Licht, 13 Misc 2d 595; cf. Post v. Metropolitan Cas. Ins. Co. of N. Y., 227 App. Div. 156, affd. 254 N. Y. 541).
Although I have been cited no appellate precedent, I hold that this type of action is a procedural facility that may be afforded not only to the insured but also to the injured. In my view, the present “ controversy is one which is particularly appropriate for declaration so as to compose and resolve the rights and *560 relations of the parties not only with respect to the pending action but also with respect to the rights and relations of the parties under the contract of insurance. For this purpose it is not essential that the plaintiff should first recover a judgment in the main action” (Yaguda v. Lumbermens Mut. Cas. Co., N. Y. L. J., Oct. 25, 1961, p. 13, col. 4, Loreto, J.; De Abreu v. Lumbermans Mut. Cas. Co., 32 Misc 2d 634).
The question now before me is twofold; (1) was the insured’s notice to his carrier timely? and (2) if not, what are the rights of the injured person in respect of notice to the carrier? The terms of the policy have not been furnished the court on this submission. Section 167 (subd. 1, par. [d]) of the Insurance Law states that a policy must contain a “ provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured or by any other claimant thereunder if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible.”
The accident occurred on November 10, 1960. Notice was given the same day by the insured to his broker. But no facts have been presented to indicate that the broker was in any way authorized to receive such notice for or on behalf of the insurance company. As a consequence, notice to the broker was not due notice to the carrier under the terms of the policy or the statute. (Cortes v. Hartford Acc. & Ind. Co., 14 Misc 2d 1062; see Allen v. German Amer. Ins. Co. of N. Y., 123 N. Y. 6, 15.) Notice was not given to the carrier until receipt of the summons and complaint by it on February '7, 1961, a period of nearly three months after the date of the accident. The defendant MVAIC maintains that the insured’s delay in notifying the insurer was due to the lack of knowledge of a “ tangible claim ” by the plaintiffs and that justifies the insured’s delay in notifying the insurance company. It is true that the courts have held that, if the trier of the facts finds that it was reasonable for the insured to believe that there was no injury even though he knew of the accident, he would be justified in not notifying the carrier until he became aware of the injury (Melcher v. Ocean Acc. & Guar. Corp., 226 N. Y. 51). Indeed, late notice has been permitted, under certain circumstances, even where some injury was apparent, provided it was patently minor and the insured was reasonably led to believe that no claim would arise (Colontino v. United States Fid. & Guar. Co., 8 N Y 2d 974, affg. 9 AD 2d 926).
*561 In my view, however, it would be inappropriate to equate the present insured’s position with that of the policy holders in Melcher and Colontino. I see no extenuating circumstances here that would excuse the instant assured. In this fast moving age of the automobile, with the public generally cognizant that the numerous personal injury suits are being brought into the courts daily, it is difficult to believe that the assured was unaware that some claim might arise in a case where a party falls to the ground by reason of the impact with the vehicle and is taken to a hospital on a stretcher. In fact, it is most likely that Lozzi did in fact share this view. Did he not deem it necessary to report the incident in full to his insurance broker that very day?
That the broker did not think that a claim would arise is no excuse. It was not for the broker, who was not even at the scene of the accident, to determine the seriousness of the injury, or lack of it. The stipulated facts show that the assured later informed his insurance company that, upon the happening of the accident, the injured plaintiff ‘ ‘ wanted to get up and walk to the ambulance, but the attendants would not let her.” They, at least, were at the scene and were of the opinion that ambulation was not advisable and that medical attention was needed. Nor was it the broker’s function to resolve the issue of liability on the basis of the policy holder’s report to him, and to assume that the injured person would make no claim against his client.
Haas Tobacco Co. v. American Fid. Co. (226 N. Y. 343), although decided before the addition of the present paragraph (d) of subdivision 1 of section 167 of the Insurance Law (L. 1923, ch. 434), is still good authority for the proposition that the assured’s excuse that he did not believe that the injury was serious and that he did not think that suit would be brought did not justify undue delay in giving his carrier notice of the accident. I hold that, on the facts presented, the insured failed to show that the required notice was given as soon as reasonably possible.
I recognize that where, as here, the issue concerns the injured rather than the insured, the problem of notice to the insurer is to be approached from a different angle. And “ the standards by which notice by them [the injured] or on their behalf are to be judged differ from the standards by which notice by a named insured is to be judged ” (Marcus v. London & Lancashire Ind. Co. of America, 6 A D 2d 702, 703, affd. 5 N Y 2d 961). “ The statute having granted the injured person an independent right to give notice and to recover thereafter, he is not to be charged vicariously with the insured’s delay (Pitts v. *562 Ætna Cas. & Sur. Co., 218 F. 2d 58, 62 [2d Cir., 1954], cert, denied 348 U. S. 973). * * * The injured person’s rights must be judged by the prospects for giving notice that were afforded him, not by those available to the insured. What is reasonably possible for the insured may not be reasonably possible for the person he has injured. The passage of time does not of itself make delay unreasonable. Promptness is relative and measured by circumstance.” (Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, 568, affd. 4 N Y 2d 1028. )* Thus, a 16 months’ delay in notice by the injured party was held reasonable where the circumstances warranted it (Lukin v. Massachusetts Bonding & Ins. Co., 28 Misc 2d 876).
But, although the courts are inclined to take a more lenient attitude in respect of the tardiness of notice where the injured party is involved, some reasonable explanation for the delay must be given. Where the notice is late, ‘ ‘ it must be shown that the notice could not have been given sooner.” (Safeguard Ins. Co. v. Baldauf, 20 Misc 2d 667, 670; cf. Mason v. Allstate Ins. Co., 12 A D 2d 138; Allstate Ins. Co. v. Manger, 30 Misc 2d 326.)
Unlike the facts proved in Matthews v. Glens Falls Ins. Co. (21 Misc 2d 1079) there is no proof before me in the case at bar that, prior to the institution of suit, the plaintiffs took any steps whatsoever to present a claim to the defendant Lozzi, or to ascertain the identity of his insurance carrier. Nor is there any excuse presented for such failure or delay. True, an MV104 form (see Insurance Law, § 605) which would contain the name of the insurer, was not filed by Lozzi. But he did give the “ insurance information to the police” and the usual inquiry by the plaintiffs there might have been a clue.
I find — as I must under the circumstances — that the disclaimer by Allstate was valid both as to Lozzi and the plaintiffs Curreri. The complaint against the defendant Allstate is therefore dismissed, and the alternative declaration prayed for against the defendant MVAIC is granted except as to the prayer for counsel fees (Matter of Muck, 125 N. Y. S. 2d 415, 419). Settle findings, conclusions and judgment accordingly.

 Whether the accident was in fact due to Lozzi’s negligence or whether the .plaintiff was chargeable with contributory negligence is presently irrelevant, as this issue is not before me in this action, at least for definitive determination.

 Thereafter the plaintiffs unilaterally submitted a mixed affidavit setting forth both alleged facts and citations on the law. Insofar as the affidavit is a memorandum of law, it will be so received (cf. Deutsch v. City of New York, 200 Misc. 864, 865; Monday Props, v. A-1 Plumbing & Seating Co., 25 Misc 2d 625, 626), but it cannot, ex parte, be accepted as part of a statement of stipulated or allegedly proved facts. ‘

 One of the grounds adverted to by Mr. Justice (now Presiding Justice) Botéis — to the effect that “ the statute shifts the risk of the insured’s delay to the compensated risk-taker who can initially accept or reject those for whom it will bear such risks ” (Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, 568) —is not applicable, for the policy in the instant ease was “assigned” to Allstate (Insurance Law, § 63). But the learned court’s opinion in other respects is clearly apposite here.