Maxwell Shapiro, J.
This is an action brought by plaintiff, judgment creditor, against the defendant, the liability insurer of Lorenzo Franklin Williams, the judgment debtor, under section 167 of the Insurance Law.
Heretofore and on July 20,1957, while plaintiff was operating and driving his automobile on Canal Street at or near the intersection with Greenwich Street in the Borough of Manhattan, City of New York, an automobile owned by one Williams collided with the plaintiff’s automobile, causing property damage to the plaintiff’s automobile and also causing the plaintiff to sustain personal injuries.
That thereafter and on the 23rd day of July, 1957, the plaintiff retained counsel in connection with said heretofore mentioned incident. Plaintiff’s lawyer thereafter and on the 24th day of July, 1957, sent a claim letter to the defendant and also caused an inquiry to be made at the Motor Vehicle Bureau in order to ascertain the name and address of the owner of the vehicle which struck plaintiff’s automobile. That thereafter the Motor Vehicle Bureau advised the plaintiff’s attorney of the name and address of the owner of the automobile and a summons and complaint vere issued by the attorney representing the plaintiff. Said summons and complaint were delivered to a process server, vho thereafter reported to the attorney for the plaintiff that *760 the defendant Williams was not known at the address given by the Motor Vehicle Bureau. Plaintiff’s lawyer immediately communicated with the Motor Vehicle Bureau and advised them of said report. The Motor Vehicle Bureau thereupon caused an investigiation to be made and after many communications plaintiff’s attorney received information from the Motor Vehicle Bureau as to the whereabouts of the defendant Williams. Said information was forwarded by the attorney for the plaintiff to its process service company together with a letter. On or about November 8,1957, the process server succeeded in serving the summons and complaint upon the defendant Williams.
That thereafter and on the 3d day of December, 1957, the attorney for the plaintiff received a phone call from a Mr. Bouchier of the London & Lancashire Insurance Company. The latter stated to the attorney for the plaintiff that he had just received a letter and a summons from the defendant Williams and requested a two weeks’ extension of time to answer. Mr. Bouchier advised the attorney for the plaintiff that he would like to check into the accident and also would like to check with his legal department as to the liability of the insurance company. On January 16, 1958, the attorney for the plaintiff again spoke to Mr. Bouchier, who stated that they were not going to appear for the defendant Williams and were disclaiming any liability on their policy.
That thereafter no one appeared on behalf of the defendant Williams in the Supreme Court action and an inquest was ordered taken and damages were assessed accordingly. Execution was issued on said judgment and same was returned unsatisfied, whereupon the instant action was instituted by the plaintiff.
The defendant conceded at the trial that it was successor to the London & Lancashire Insurance Company; (2) that it assumed all of the liability of London & Lancashire; (3) that on July 20,1957, there was in full force and effect an auto policy of insurance insuring Lorenzo F. Williams against claims for property damage and personal injuries and that said policy of insurance was in the standard form authorized under and pursuant to the laws of the State of New York. Next, defendant conceded that the limits of liability were in excess of the amount of the judgment or, to wit, $10,000 to $20,000 liability.
Mr. Edward Bouchier, testifying on behalf of the defendant, stated that the defendant insured Lorenzo Williams, that on November 29, 1957, the defendant company received a letter from Lorenzo Williams together with the summons heretofore served upon him by the attorney for the plaintiff. He further *761 testified that the first time that the company knew of the accident was on November 29,1957.
Section 167 (subd. 1, par. [d]) of the Insurance Law reads as follows: “A provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured or by any other claimant thereunder if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible.”
The plaintiff as the injured person, claimant, is relying on the notice the insured gave the defendant when the insured sent a letter and a copy of the summons and complaint to the defendant which was received on November 29, 1957, over four months from the occurrence of the accident. The policy of insurance contained the usual clause as to the giving of notice ‘ ‘ as soon as practicable ” after the accident. Insofar as the insured is concerned, absent any explanation or excuse, the delay in giving notice to his insurer would vitiate the contract as to him as a matter of law (Deso v. London & Lancashire Ind. Ins. Co. of America, 3 N Y 2d 127; Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302; Abitante v. Home Ind. Co., 240 App. Div. 553). However, the sole and determining question herein as regards this plaintiff is whether it was not reasonably possible for him 11 to give such notice within the prescribed time and that notice was given as soon as was reasonably possible ”, as stated in section 167.
Several cases dealing with this problem of the reasonableness of the notice as to an injured person under section 167 (subd. 1, pars, [c] and [d]) have established some basic applicable principles. The test as to the reasonableness of notice is not so rigidly applied to an injured party claimant as it is to the insured who is generally aware of the existence of insurance coverage and the particular insurance company which has issued a policy to him (Marcus v. London & Lancashire Ind. Ins. Co., 6 A D 2d 702, affd. 5 N Y 2d 961). “ The statute having granted the injured person an independent right to give notice and to recover thereafter, he is not to be charged vicariously with the insured’s delay (Pitts v. AEtna Cas. & Sur. Co., 218 F. 2d 58, 62 [2d Cir., 1954], cert. denied 348 U. S. 973). * * * The injured person’s rights must be judged by the prospects for giving notice that were afforded him, not by those available to the insured. What is reasonably possible for the insured may not be reasonably possible for the person he has injured. The passage of time does not of itself *762 make delay unreasonable. Promptness is relative and measured by circumstance.” (Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, 568, affd. 4 N Y 2d 1028.)
In a recent case, Curreri v. Allstate Ins. Co. (37 Misc 2d 557, 562), involving this question, the court, after alluding to the Lauritano case (supra) had this to say: “But, although the courts are inclined to take a more lenient attitude in respect of the tardiness of notice where the injured party is involved, some reasonable explanation for the delay must be given. Where the notice is late, ‘ it must be shown that the notice could not have been given sooner.' (Safeguard Ins. Co. v. Baldauf, 20 Misc 2d 667, 670; cf. Mason v. Allstate Ins. Co., 12 A D 2d 138; Allstate Ins. Co. v. Manger, 30 Misc 2d 326.) Unlike the facts proved in Matthews v. Glens Falls Ins. Co. (21 Misc 2d 1079) there is no proof before me in the ease at bar that, prior to the institution of suit, the plaintiffs took any steps whatsoever to present a claim to the defendant Lozzi, or to ascertain the identity of his insurance carrier. Nor is there any excuse presented for such failure or delay.” The court upheld the insurance company’s disclaimer.
Were it not for the mitigating circumstances presented herein as to the difficulty of plaintiff’s attorney in ascertaining the whereabouts of the defendant, insured, so as to effect service of process upon him, the court would be constrained to hold the plaintiff to have no greater rights than the insured and to dismiss the complaint because notice would not then have been given as soon as was reasonably possible.
The most analogous case to the case at bar is Matthews v. Glens Falls Ins. Co. (21 Misc 2d 1079) which was also an action against an insurance company by an injured judgment creditor brought pursuant to section 167 (subd. 1, par. [d]) of the Insurance Law. There the plaintiff’s attorney also experienced difficulty in obtaining the correct address of the defendant insured and after service upon the insured, further difficulty in ascertaining the identity of the insurer. In that case there was approximately a four-month delay before notice of the accident was received by the defendant insurer, which contended that since the plaintiff could have obtained the name of the insurer at any time from the Motor Vehicle Bureau, plaintiff did not give notice as soon as was reasonably possible. The court, after stating the general proposition that a more liberal standard is to be applied to the injured party in regard to the giving of notice, said (p. 1081): “To hold that the injured plaintiff must go to the trouble of notifying the defendant’s insurance company even before suit is commenced and before plaintiff knows that *763 the insurer is disclaiming (which would be the effect of the decision sought by this defendant) would place an unconscionable burden on plaintiffs in personal injury actions and completely defeat the provisions of section 167 of the Insurance Law. From all of the facts and circumstances I find that plaintiff has sustained the burden of proving that the notice was given as soon as was reasonably possible (Insurance Law, § 167, subd. 1, par. [d]).”
Where a plaintiff, an injured person, is diligently attempting to serve process on the defendant insured, must he also, in order to protect his right of action against an insurer under section 167 be diligent in attempting to notify such insurer of the accident? In answer to that question, the reasoning of the Matthews case as quoted above is applicable, and should be negative in the circumstances disclosed herein.
In this case I do not believe the injured person should be made vicariously chargeable with the insured’s delay, when shortly after the accident the plaintiff’s attorney was diligent in attempting to effect service upon the insured after having sent a claim letter to the insured, and had no reason to believe that notice of the accident had not been given to this defendant. I find that notice was given herein, as regards this plaintiff, as soon as it was reasonably possible in the indicated circumstances.
Judgment for plaintiff for the sum of $7,978, plus interest from November 20, 1958.