Morris E. Spector, J.
Plaintiff National Grange Mutual Insurance Company issued its automobile liability insurance policy to defendant Huntchag Ogassian and it was in full force and effect on December 7, 1962. An automobile accident took place on that day and one Wilbert Jones was injured, amongst others. The insured’s car was driven by Barbara E. 'Stennett.
Neither the insured nor Stennett notified the carrier of the accident.
Jones started an action against Ogassian -and Stennett on May 11, 1963, by service of a summons and complaint on Ogassian. No service was effectuated on Stennett.
On May 31, 1963, no answer having been received on behalf of Ogassian, the attorneys for Jones wrote a letter to Ogassian and sent a copy to plaintiff advising aforesaid defendant that he was in default and unless an answer was filed within a reasonable time, a judgment would be taken by default.
By letter of June 4,1963, the plaintiff replied to the attorneys for J ones, stating they had no information concerning their claim, and requested information as to the time, place and date of the accident. On June 5, 1963, the requested information was conveyed to plaintiff by Jones’ attorneys. On July 22,1963 the plaintiff National Grange sent a notice of disclaimer to their assured and to Jones’ attorneys on the ground that the assured failed to give them notice within a reasonable time. Thereafter, Jones’ attorneys filed a notice of claim with the Motor Vehicle Accident Indemnification Corporation, hereinafter referred to as MVAIC.
Thereafter, National Grange instituted an action for declaratory judgment against its assured and all parties who were claiming injuries. Jones filed an answer in opposition. The other claimants defaulted and Jones defaulted at the trial and consequently a declaratory judgment was entered in favor of plaintiff to the effect that disclaimer of liability was proper and valid.
The MVAIC was not made a party to said suit and sought by motion to intervene therein, which was denied. A notice of appeal was filed by the MVAIC. Subsequently, in the light of intervening decisions, a stipulation was entered into between the plaintiff herein and MVAIC to vacate the default judgment entered but only insofar as the rights of the MVAIC were concerned.
The question now is whether the injured claimant reasonably gave notice to the carrier. The once commonly accepted view that the liability policy existed solely for the protection of *731 the insured has been altered. It is now settled law that section 167 of the Insurance Law confers on the injured person an independent right to give notice to the carrier, and that if he gives notice as soon" as it was reasonably possible for him to do so, he may maintain an action against the insurer, despite the insured’s failure to give notice. The standards of “as soon as reasonably possible ” are less rigorous than those applied to the insured (Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, affd. 4 N Y 2d 1028). This point has been more fully discussed by me in National Grange Mut. Ins. Co. v. Davis, in a decision handed down simultaneously herewith (N. Y. L. J., Jan. 29, 1965, p. 17, col. 7).
The accident took place on December 7, 1962. Jones retained attorneys on December 17, 1962. Jones’ attorneys mailed a claim letter to assured on January 17, 1963, and a similar letter to Stennett. This latter letter was returned ‘ ‘ undeliverable ’ ’ and “ unknown ”. On January 21, 1963 a request was sent to the Motor Vehicle Department (PS-25) for information concerning the identity of the insurance carrier. On March 5, 1963 another letter was sent to Ogassian requesting information as to his insurance carrier.
On March 6, 1963 another request was sent to the Motor Vehicle Department (PS-25), requesting the same information as no reply was received to the January 21, 1963 request.
An acknowledgement from the Motor Vehicle Department to the request of January 21, 1963 was received on the PS-25 form indicating that a search was begun on March 8, 1963. An acknowledgment from the Motor Vehicle Department on request letter of March 6, 1963 was received on PS-25 indicating that a search was begun on April 17, 1963. The precise date when the information requested was received by Jones’ attorneys has not been determined. However, it may be assumed that the information was received between May 11, 1963 and May 31, 1963.
On May 11, 1963 a summons and complaint was served on Ogassian.
On May 31, 1963 another letter was sent to Ogassian informing him that no answer was received to the complaint. A copy of this letter was sent to National Grange and they acknowledged treceipt on June 4, 1963, and requested information as to date and place of accident.
On June 5, 1963 Jones’ attorneys replied to National Grange, supplying the requested information.
*732 Again it appears that the delay in finding out the name of the insurance carrier was due to the slow processing machinery in the Motor Vehicle Department, for which the claimant should not be held responsible.
Under the circumstances, I hold that the claimant acted prudently and with reasonable diligence and gave timely notice of said accident to the carrier (Curreri v. Allstate Ins. Co., 37 Misc 2d 557). Consequently, as far as the MVAIC is concerned, the prior declaratory judgment is not binding upon it and National Grange is adjudged the insurer of Ogassian. Its disclaimer based on lack of notice is invalid.
We are now faced with the anomalous situation that the prior default judgment granted against the defendants before the intervention of MVAIC held that plaintiff’s disclaimer was proper, and by this decision after trial, is improper. Such inconsistent determinations may not stand. “ The absence of or failure to join all parties whose rights may be involved may result in the court refusing to entertain the suit on the ground that it lacks jurisdiction; however, in some instances the refusal of declaratory relief is based on the more discretionary ground that where all necessary parties are not present so as to be bound by the declaration, it serves no useful purpose.” (22 Oarmody-Wait, New York Practice, p. 703.)
Where all persons interested or who might be affected and who might question in a court the existence and scope of the rights involved are not made parties, the court may and ordinarily must refuse to render judgment. (22 Carmody-Wait, New York Practice, p. 739.)
When the hearing was had on the inquest, this court was not apprized of the fact that MVAIC was a necessary party and was not before the court. If it had, the declaratory judgment would have been denied. In fact, on the motion to reargue the denial of the right of MVAIC to intervene, the court, after granting the motion, stated: “ If the plaintiff will not stipulate to vacate the default judgment, the movant may apply to the court for such relief.” (Matter of MVAIC [Ogassion], N. Y. L. J., July 3, 1964, p. 8, col. 5.)
The court therein recognized the invalidity of the declaratory judgment in the absence of a necessary party. Thereafter MVAIC and the plaintiff entered into a stipulation on which an order was entered which did not carry out the opinion of the court as it did not vacate the default judgment previously entered.
To allow these inconsistent determinations to stand would deprive the injured claimant of his right to recovery, despite *733 the fact that he should have an action against the plaintiff or a claim against MVAIC. Injured parties, as a rule, do not have the same interest in a declaratory judgment action taken by an insurance company and their own action for damages as they can always look to MVAIC for compensation. Here, the injured party was thereby lulled into a sense of security. He relied on the insurance company’s disclaimer, which has now been shown to he improper. He should be allowed to proceed with his action against the defendant.
Accordingly, in the exercise of its inherent powers, the court vacates the default judgment heretofore entered and holds that as to all parties defendant the disclaimer was invalid, and that the plaintiff herein is required to defend the action or actions for damages heretofore commenced based on its policy of insurance issued to defendant Hnntchag Ogassian.