SAFEGUARD INSURANCE COMPANY, Plaintiff, *v.* FRANK TRENT et al., Defendants.

Supreme Court, Special Term, Suffolk County, December 13, 1966.

*Patrick F. Adams* for plaintiff. *Scheinberg, Wolf, Lapham &
De Petris* for Angelo Petillo and another, defendants.

JACK STANISLAW, J. On October 31, 1964 defendants Petillo
were injured in an accident involving a car owned by defendant
Trent and covered by an automobile liability insurance policy
issued by plaintiff Safeguard Insurance Company. Safeguard
brings this action for a judgment declaring its ability to disclaim
coverage because of Trent's non-co-operation and late
notification given it of the happening of the accident.

The Petillos retained attorneys to bring an action for their
injuries in the accident on May 26, 1965. These attorneys sent
a claim letter to William Trent, the driver of the car, and to
Frank Trent, the owner and insured. When they received no
response, another letter, dated June 18, 1965, was sent to Charles
Trent, William's father, advising him of the accident, his son's
failure to respond to the earlier claim letter, and asking for
information regarding the identity of the insurer of Frank
Trent's car, if any. On July 22, 1965, Petillos' attorneys dis-
covered the bank which had financed Frank Trent's car, learned
that he was in the hospital, and identified his insurance broker.
The next day the broker was advised of the claim against Frank
Trent. Four days after that the insurance agency passed this
claim information on to the plaintiff insurer. This was Safe-

guard's first notice of the accident, some nine months after it had actually happened.

Defendants Trent were served October 15, 1965, and the pleadings received by Safeguard October 18. Extensions of time to answer were given up to December 15, 1965. Meanwhile, Safeguard obtained a statement from Frank Trent, dated December 8, to the effect that his nephew William had never told him of the accident. He found out about it from his cousin on November 5, 1964. He stated that he did not report it because he believed his insurer would not provide coverage since they were not notified within a 24-hour period following the accident. Safeguard disclaimed by letter dated December 17, 1965. This action followed, and though defendants Petillo contest it, none of the Trents have appeared. The cause was submitted upon an agreed statement of facts as we have just generally outlined and summarized.

In measuring the time it took for the Petillos as the injured parties to give notice to the insurer, we note a less stringent standard than that which would apply in the case of notice given by the insured (*Lauritano* v. *American Fid. Fire Ins. Co.*, 3 A D 2d 564, affd. 4 N Y 2d 1028). There is no threshold question presented here regarding the timeliness of notice given, if at all, by the insured: it was certainly too late, and plaintiff's disclaimer is valid if, in addition, Petillos' notice to Safeguard was similarly more than reasonably delayed.

At the outset it is necessary to fix the extent of the delay. The time lapse from occurrence to notice was, of course, about nine months. However, this purely chronological measurement includes but discounts entirely the seven intervening months during which defendants Petillo had not retained attorneys. The cases dealing with an insurer's notice of accident by a claimant speak of reasonable efforts and diligent pursuit of information leading to an identification of the insurer. Yet the efforts and diligence referred to are uniformly by counsel, and not by the claimants themselves. Any prejudice to an insurer because of delay prior to obtaining counsel is nonetheless real, but by the same token also operates to the disadvantage of the claimant's legal representatives who suffer from a similar prejudicial time lag. A period of delay, under circumstances as developed in this case, should be measured commencing with retention of counsel, here some seven months after accident and injury.

Starting from there, it is not too difficult to find that the efforts made to ascertain this plaintiff's identity were expeditiously attended to, diligently pursued, and ultimately successful within

a relatively brief span of time. Two months of apparently careful and imaginative investigation by counsel led to receipt of notice by Safeguard. Measuring this passage of time by available prospects of giving notice, it appears to have been quite prompt and reasonable under the circumstances (see *Lauritano* v. *American Fid. Fire Ins. Co., supra*; *Curreri* v. *Allstate Ins. Co.,* 37 Misc 2d 557; *Pereyma* v. *Safeguard Ins. Co.,* 38 Misc 2d 759, affd. 42 Misc 2d 164). The steps taken on behalf of the Petillos were thus prudent (*National Grange Mut. Ins. Co.* v. *Ogassian,* 45 Misc 2d 729), and thereby effective as a basis of denying the efficacy of plaintiff's disclaimer. In taking all the circumstances of delay into account we find that Safeguard had notice from the injured persons within a reasonable time.

Judgment declared that plaintiff be obliged to afford coverage to, and satisfy any judgment which may be recovered by the Petillos against defendants Trent.