ROSEN-MICHAELS, INC., Respondent, v HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant.—Kane, J. P. Appeal from an order and judgment of the Supreme Court (Kahn, J.), entered May 29, 1986 in Albany County, which, *inter alia,* granted plaintiff's cross motion for summary judgment and declared that defendant is obligated to defend and/ or indemnify plaintiff in a personal injury action.

In June 1982, plaintiff was served with a summons and complaint with regard to injuries allegedly sustained by

Charles Potter, an infant, on November 1, 1981. Upon receipt of the summons and complaint, plaintiff immediately notified defendant, its insurer. Defendant declined to defend, alleging that plaintiff had failed to provide it with timely notice of occurrence. Plaintiff then commenced the instant action seeking a declaration that it is entitled to a full defense by defendant. In due course, defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment. Supreme Court granted the cross motion and directed defendant to "defend and/or indemnify plaintiff". This appeal by defendant ensued.

We affirm. On the date of Charles Potter's accident, plaintiff's vice-president, John Michaels, was informed that someone was injured at a construction site controlled by plaintiff. Michaels went to the scene of the alleged accident to investigate. No one was at the site as this was a nonworkday. However, a neighbor indicated to Michaels that the State Police had investigated the incident. Accordingly, Michaels contacted the State Police, who gave him the name of the child's father. Michaels promptly telephoned a Mr. Nedoroscik, the boy's father, who stated that his son "only needed a few stitches and was alright". Michaels requested that Nedoroscik contact him if his son required any assistance. Michaels was never contacted by Nedoroscik.

On November 17, 1981, plaintiff received a letter from attorney Seymour Fox relative to injuries sustained by Charles Potter on November 1, 1981. This brief letter failed to give a location of the alleged accident, did not give details of the accident and did not mention Nedoroscik. Plaintiff assumed that the letter referred to a workers' compensation claim and sent the letter to its workers' compensation insurance carrier. Defendant does not refute any of the facts presented by plaintiff. However, it contends that, based upon the above, plaintiff failed to notify it of the occurrence "as soon as practicable", a requirement of the applicable insurance policy.

It is well established that "[a] provision that notice must be given 'as soon as practicable' after the accident merely requires that notice be given within a reasonable time under the facts and circumstances of each case" (Merchants Mut. Ins. Co. v Hoffman, 86 AD2d 779, affd 56 NY2d 799). A review of the record leads inexorably to the conclusion that, as a matter of law, plaintiff gave notice within a reasonable time (see, Greenwich Bank v Hartford Fire Ins. Co., 250 NY 116, 130-131; Mobile Home Estates v Preferred Mut. Ins. Co., 105 AD2d 883,

884). As detailed above, plaintiff conducted an investigation which resulted in it being assured that the child only required a few stitches and was otherwise alright *(cf., Merchants Mut. Ins. Co. v Hoffman, supra; Brown v Einbinder,* 10 Misc 2d 257, *affd* 6 AD2d 1040, *lv denied* 5 NY2d 710). Moreover, since the father's last name differed from the child's, the letter from Fox failed to place plaintiff on notice that a claim in this matter was going to be asserted. The order and judgment should therefore be affirmed.

Order and judgment affirmed, with costs. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.